# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
5/10/2024 9:53 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.;
EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.;
HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court - County of Los Angeles
  Spring Street Courthouse
  312 North Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

**24STCV11878**

David W. Slayton, Executive Officer/Clerk of Court

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd A. Walburg, Bailey & Glasser, LLP, 1999 Harrison Street, Suite 660, Oakland, CA 94612, (510) 272-8000

DATE: 05/10/2024
*(Fecha)*

Clerk, by J. Covarrubias , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

TODD A. WALBURG (State Bar No. 213063)
twalburg@baileyglasser.com
SCOTT B. BAEZ (State Bar No. 330485)
sbaez@baileyglasser.com
**BAILEY & GLASSER LLP**
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

*Attorneys for Plaintiffs*
*RANDALL L. DOUGHERTY, SR.,*
*Individually and on Behalf of the*
*Estate of Randall B. Dougherty, Jr.,*
*Deceased, and JOLENE DOUGHERTY*

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/10/2024 9:53 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive, <br><br> Defendants. | Case No. 24STCV11878 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Strict Product Liability (Air Fryer) <br> 2. Negligent Failure to Warn (Air Fryer) <br> 3. Negligent Design or Manufacture (Air Fryer) <br> 4. Post Sale Negligence (Air Fryer) <br> 5. Strict Product Liability (RV) <br> 6. Negligent Failure to Warn (RV) <br> 7. Negligent Design or Manufacture (RV) <br> 8. Post-Sale Negligence (RV) <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.     This complex product liability and negligence action arises from a

1

defective 5-quart PowerXL Vortex model air fryer ("the Subject Air Fryer") that caught fire on December 18, 2022 in the kitchen of a parked fifth wheel Heartland RV ("the Subject RV").

2.     Once the Subject Air Fryer caught fire, flames rapidly engulfed the nearby wall and ceiling of the Subject RV, releasing dangerous fumes, and causing the death of Randall B. Dougherty, Jr. and his two dogs.

3.     The Subject RV was designed, manufactured, supplied, sold, serviced, and/or distributed in the stream of commerce by Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and DOES ONE through TWENTY-FIVE.

4.     The Subject Air Fryer was designed, manufactured, supplied, sold, serviced, repaired, monitored, and/or distributed in the stream of commerce by Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC, VIVITECH SOLUTIONS, INC., and DOES TWENTY SIX through FORTY.

**PARTIES**

5.     Plaintiff RANDALL L. DOUGHERTY, SR. is an individual and resident of Columbia, County of Tuolumne, State of California, and at all times herein mentioned was and is the husband of Plaintiff JOLENE DOUGHERTY and the natural father of Randall B. Dougherty, Jr., deceased.

6.     Plaintiff RANDALL L. DOUGHERTY, SR. is also the successor-in-interest to the Estate of Randall B. Dougherty, Jr. pursuant to California Code of Civil Procedure §§ 377.11 and 377.30.  He brings this action on behalf of the Estate of Randall B. Dougherty, Jr. pursuant to Code of Civil Procedure §§ 377.30 and 377.60 *et seq.*  He has executed the affidavit mandated by Code of Civil Procedure § 377.32.

7.     Plaintiff JOLENE DOUGHERTY is an individual and resident of Columbia, County of Tuolumne, State of California, and at all times herein mentioned was and is the lawful wife of Plaintiff RANDALL L. DOUGHERTY, SR., and the adoptive mother of Randall B. Dougherty, Jr., deceased.

8. Collectively, Plaintiffs RANDALL L. DOUGHERTY, SR. and JOLENE DOUGHERTY shall hereinafter be referred to as "Plaintiffs."

9. Plaintiffs herein are the surviving father and adoptive mother of Randall B. Dougherty, Jr., who died on December 18, 2022. Plaintiffs constitute all of the surviving heirs at law of the decedent pursuant to California Code of Civil Procedure § 377.60.

10. At all times herein mentioned, Defendants DOES ONE through FIFTY, inclusive, and each of them, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate, or governmental, are not now known to Plaintiffs, or if their identities are known, the factual basis of their negligence or other responsibility, be it strict liability, negligence, or otherwise, is not presently known. Plaintiffs are informed and believe, on upon such information and belief allege, that each of said defendants is negligently or strictly liable, or otherwise responsible in some manner for the events and happenings herein alleged, either as designers, manufacturers, suppliers, sellers, servicers, distributors, or otherwise, and that said defendants negligently or otherwise acted or failed to act in one or more of said occupations or businesses and that such negligence, strict liability, or other basis of liability proximately caused the injuries and damages set forth herein.

11. Plaintiffs, and each of them, are uncertain as to the manner or function of such DOE defendants, whether as designers, manufacturers, suppliers, sellers, servicers, distributors, or otherwise. Plaintiffs pray leave to amend this Complaint to insert herein the true names, capacities, functions, occupations, businesses, and actionable conduct of said defendants when the same are ascertained.

12. At all times herein mentioned, each and every one of the Defendants was the agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

13. At all times herein mentioned, Defendant TARGET CORPORATION ("TARGET") was and is a Minnesota corporation with a principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403, which at all relevant times was licensed to and was doing business within the State of California. TARGET sold, distributed, and shipped the Subject Air Fryer in the State of California.

14. At all times herein mentioned, Defendant SPECTRUM BRANDS, INC. ("SPECTRUM") was and is a Delaware corporation with a principal place of business located at 3001 Deming Way, Middleton, Wisconsin 53562, which at all times was licensed to and was doing business within the State of California.

15. At all times herein mentioned, Defendant SPECTRUM BRANDS HOLDINGS, INC. ("SPECTRUM HOLDINGS") was and is a Delaware corporation with a principal place of business located at 3001 Deming Way, Middleton, Wisconsin 53562, which at all relevant times was licensed to and was doing business within the State of California.

16. At all times herein mentioned, Defendant EMPOWER BRANDS, LLC. ("EMPOWER") was and is a Delaware limited liability company with a principal place of business located at 3001 Deming Way, Middleton, Wisconsin 53562, which was at all relevant times licensed to and was doing business within the State of California.

17. At all times herein mentioned, Defendant TRISTAR PRODUCTS, INC. ("TRISTAR") was and is a Florida corporation with a principal place of business located at 2050 W. County Highway 30A # M1-109, Santa Rosa Beach, Florida 32459-0187, which at all relevant times was licensed to and was doing business within the State of California.

18. At all times herein mentioned, Defendant VIVITECH SOLUTIONS, INC. was and is a California corporation with a principal place of business located at 15392 Cobalt Street, Sylmar, Los Angeles County, California 91342, which at all relevant times was headquartered in California, and was licensed to and was doing business within the State of California.

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

19.   Collectively, Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC., VIVITECH SOLUTIONS, INC., and DOES TWENTY SIX through FORTY, shall hereafter be referred to as the "AIR FRYER DEFENDANTS."

20.   At all times herein mentioned, Defendant HEARTLAND RECREATIONAL VEHICLES, LLC ("HEARTLAND RV") was and is an Indiana Corporation with a principal places of business located at 2831 Dexter Drive, Elkhart, Indiana 46514, which at all relevant times was licensed to and was doing business within the State of California.

21.   Collectively, Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and DOES ONE through TWENTY-FIVE shall hereafter be referred to as the "RV DEFENDANTS."

**JURISDICTION AND VENUE**

22.   This Court has jurisdiction over this matter because the Defendants, and each of them, directly and through their agents, servants, employees, and subsidiaries, and at times herein mentioned, resided in, were incorporated in, or did substantial business in the State of California, having sufficient minimum contacts, and having purposefully availed themselves of the privileges of conducting business in the State of California, so as to render the exercise of jurisdiction over defendants by the California courts consistent with traditional notions of fair play and substantial justice.

23.   The amount in controversy exceeds the jurisdictional limit of this court.

24.   Venue is proper in Los Angeles County pursuant to Code of Civil Procedure § 395.5 because, at all relevant times, one or more of the Defendants, including, but not limited to, VIVITECH SOLUTIONS, INC. and DOES ONE through FIFTY, had their principal places of business located in the County of Los Angeles.

25.   There is no diversity jurisdiction here, as both Plaintiffs and Defendant VIVITECH SOLUTIONS, INC. are residents of the State of California.  Specifically,

Defendant VIVITECH SOLUTIONS, INC. is a resident of Los Angeles County, headquartered at 15392 Cobalt Street, Sylmar, Los Angeles County, California 91342.

26. This is a complex product liability civil litigation action which should be designated as "complex" within the meaning of California Rule of Court, Rule 3.400, and which should be filed in (or transferred to) the Complex Litigation Program per Los Angeles Superior Court Local Rules, Rule 3.3(k).

## FACTS COMMON TO ALL CAUSES OF ACTION

### The Subject Air Fryer

27. The AIR FRYER DEFENDANTS, and each of them, are involved in the business of designing, manufacturing, testing, inspecting, importing, supplying, selling, warranting, repairing, servicing, processing, monitoring, and distributing in the stream of commerce to California consumers, home appliances, including but not limited to the Subject Air Fryer. The AIR FRYER DEFENDANTS, and each of them, designed, manufactured, tested, imported, supplied, sold, warranted, repaired, serviced, processed, monitored, and distributed the Subject Air Fryer.

28. Defendants SPECTRUM BRANDS, INC., SPECTRUM HOLDINGS, INC., EMPOWER BRANDS, LLC, and TRISTAR PRODUCTS, INC. are entities which market and sell kitchen appliance products under the PowerXL brand name, including but not limited to the Subject Air Fryer, to third-party retail customers and end-line consumers, including decedent Randall B. Dougherty, Jr.

29. Defendant TARGET CORPORATION is among the third-party retail customers who resell PowerXL-branded products, including but not limited to the Subject Air Fryer, to the general public.

30. Defendant VIVITECH SOLUTIONS, INC. monitors consumer complaints and warranty trends, and provides logistical support services in connection with the distribution, warranty, return, repair, and replacement of PowerXL-branded products, including but not limited to the Subject Air Fryer.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

31. The Subject Air Fryer was a 5-quart PowerXL Vortex model, which was negligently designed and/or manufactured, and had dangerous design and/or manufacturing defects.

32. PowerXL Vortex air fryers, including the Subject Air Fryer, have several design and manufacturing defects, including the following:

a. During ordinary and routine operation, PowerXL Vortex air fryers, including the Subject Air Fryer, can overheat due to improper air circulation, and fail to prevent food drippings from contacting the heating elements;

b. PowerXL Vortex air fryers, including the Subject Air Fryer, lack an adequate and operational safety mechanism to cycle power, or shut the unit off, and prevent overheating;

c. PowerXL Vortex air fryers, including the Subject Air Fryer, can activate and turn on without any command from a user; and

d. PowerXL Vortex air fryers, including the Subject Air Fryer, lack adequate grounding, and are equipped with electrical components that can fail due to a closed and/or short circuit condition, resulting in uncontrolled thermal runaway. Consequently, the heating elements and electrical circuits can overheat, smoke, and catch fire, causing damage to nearby kitchen components and structures, and posing a serious risk of personal injury or death to consumers.

33. The AIR FRYER DEFENDANTS have long known of the defective nature of PowerXL Vortex air fryers, but have failed to disclose those defects to consumers, placing members of the public at risk of fires resulting from the ordinary operation of the devices.

34. Plaintiffs are informed and believe that consumers whose PowerXL air fryers have turned on by themselves, overheated, smoked, and/or caught fire have repeatedly put the AIR FRYER DEFENDANTS on notice of these defects, yet the AIR FRYER DEFENDANTS continued to sell the devices to consumers, failed to warn

consumers of the serious safety risks posed by ordinary use of the devices, and failed to recall the dangerously defective devices, despite the risk to life and property.

35. The Consumer Product Safety Commission ("CPSC") has received and forwarded to the AIR FRYER DEFENDANTS numerous reports of incidents of PowerXL air fryers turning on by themselves, overheating, smoking, and/or catching fire, including the following:

a. December 14, 2017[1]: "The homeowners were using a Power Air-Fryer XL to cook a potato, no oil was used. The fire appeared to have started in the housing of the appliance. [. . .] The fire caused significant damage to the kitchen area of the home."

b. June 27, 2018: "12 YOF was using Air Fryer. She used pre-programmed French fry setting. Less than 5 minutes after fries were put into machine, fire started from unit. Within minutes fire had spread & destroyed whole kitchen."

c. January 26, 2020: "I purchased a Power XL Air Fryer Model HF-8096LCD today[. . .]. The manufacturer recommended a pre-heat in the users manual to burn off manufacturing oils before first trying to cook with it. While doing this pre-heat my kitchen filled with a burning plastic odor and I got light headed and disoriented. [. . .] This is dangerous, particularly if there are family members who can not detect symptoms of airborne hazards."

d. August 7, 2020: "The fryer had been used at 10:00am in the morning. The consumer removed the tray from the air fryer and left it plugged into the wall outlet. Approximately 30 minutes later, the consumer heard strange noises and found her kitchen engulfed in flames. [. . .] The consumer suffered severe smoke inhalation, has been placed on

---

[1] The dates listed refer to the dates that the reported malfunctions occurred.

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

medication and needs to see a doctor for future treatment. Fireman said could have been faulty wiring harness due to burn pattern on electric outlet..."

e. August 27, 2020: "I have a PowerXL Air Fryer 5.3qt that was purchased at Target on 11/22/2018. The air fryer has a safety switch that turns off the unit when the basket is removed. The safety switch is faulty and the unit does not turn off when the basket is removed. What I experience when the basket is removed is the fan is still moving and the heating elements are still on. This is concerning that this safety switch failed."

f. April 8, 2021: "48 YOF reported, that the Air fryer smoked really bad before it caught on fire."

g. June 30, 2021: "My kitchen just spontaneously erupted in flames today. My breaker blew and I smelled some weird smoke coming from the kitchen and I went in there and saw a tower of fire coming out of the back of my Power XL 7 qt air fryer. I hadn't been cooking anything at all today either. Nobody was injured, but if we didn't have sprinklers in the apartment, somebody could have been."

h. June 28, 2022: "Fire Department reported that while a [51 YOF] homeowner was cooking a hamburger in the air fryer, the unit caught fire. Homeowner suffered unspecified injuries and she received medical treatment."

i. July 27, 2022: "I was cooking some fish in my new air fryer and the top of it started smoking and when I looked in the back was on fire."

j. August 26, 2022: "The Consumer reports that the air fryer gets on fire. The Consumer stated that they were cooking and after 5 minutes it started on fire."

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

k.    April 10, 2023:  "PowerXL Air Fryer was used. I plugged it in and about 2 minutes later the whole back blew out causing a fire in my kitchen!"



*PowerXL Vortex air fryers which, according to CPSC consumer reports, caught fire on June 30, 2021 (left) and April 10, 2023 (right).*

36.    The AIR FRYER DEFENDANTS knew or should have known that their air fryers, including the Subject Air Fryer, possessed defects that pose a serious safety risk to the public, including decedent Randall B. Dougherty, Jr. Nevertheless, the AIR FRYER DEFENDANTS continued to ignore and/or conceal their knowledge of the air fryers' defects from the general public, and continued to generate a substantial profit from the sale of these air fryers, demonstrating a callous, reckless, willful, and/or depraved indifference to the health, safety, and welfare of consumers, including decedent Randall B. Dougherty, Jr.

37.    The AIR FRYER DEFENDANTS had knowledge and notice of defects with PowerXL air fryers prior to the death of Randy B. Dougherty, Jr.  For example, Defendant VIVITECH had direct knowledge of potential defects and the number and

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

rate of defective air fryers that were being returned for replacement or repairs.  Other than attempting to return a product to the specific retailer they purchased it from, the only option for consumers to return the defective air fryers was to ship it to Vivitech Solutions, Inc., according to the PowerXL website located at https://support.powerxlproducts.com/guarantee-and-return-policy/.    Through that system and other means, the AIR FRYER DEFENDANTS were notified of the defects inherent in PowerXL air fryers.

38.    The AIR FRYER DEFENDANTS have also been put on notice of an ever-increasing number of air fryer recalls.  As reported by USA Today on April 25, 2024, there have been over 3 million air fryers recalled.[2]

39.    In spite of knowledge and notice of the defects, the AIR FRYER DEFENDANTS failed to warn consumers, including Plaintiffs and decedent Randall B. Dougherty, Jr., of the defects inherent in PowerXL air fryers.

40.    As a direct and proximate result of the AIR FRYER DEFENDANTS' concealment of the defects described herein, failure to warn consumers of the defects and the inherent safety risks, failure to remove the defective products from the stream of commerce, and failure to recall or remedy the defects, Decedent Randall B. Dougherty, Jr. was given and used the defective and unsafe Subject Air Fryer, when he otherwise would not have possessed or used it.

41.    Decedent Randall B. Dougherty Jr. was gifted the Subject Air Fryer, a 5-quart PowerXL Vortex model, by his stepsister who purchased the Subject Air Fryer on November 28, 2022 from the seller, Defendant TARGET's website at www.target.com. The Subject Air Fryer was delivered to the decedent via FedEx after being picked up in San Jose, California, following the purchase from Defendant TARGET.

_____

[2]    See    https://www.usatoday.com/story/news/investigations/2024/04/25/cosori-air-fryer-recall-2024-power-xl-insignia/73365537007/?utm_campaign=caoc-eclips&utm_source=membercentralpublications&utm_medium=email&utm_content=april-29-2024

11
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

42.    Prior to his death, decedent Randall B. Dougherty, Jr. used the Subject Air Fryer for cooking food at his home (the Subject RV). Decedent did not modify or alter the Air Fryer prior to the subject incident.  Decedent used the Subject Air Fryer for the purposes that were intended by, and/or foreseeable to, the AIR FRYER DEFENDANTS.

## The Subject RV

43.    At all times relevant hereto, decedent Randall B. Dougherty, Jr. maintained his residence within the Subject RV, a 2008 Big Horn fifth wheel travel trailer bearing Vehicle Identification Number 5SFGF30238E010615 and California License Plate Number 1MJ6662. As of December 18, 2022, the Subject RV was lawfully parked on a suitable gravel pad located at 6444 Rimrock Valley Road, Mountain Ranch, California 95246.

44.    The RV DEFENDANTS, and each of them, were involved in the business of designing, manufacturing, importing, supplying, selling, warranting, repairing, servicing, and distributing in the stream of commerce to California consumers, recreational vehicles including, but not limited to, the Subject RV. The RV DEFENDANTS, and each of them, designed, manufactured, imported, supplied, sold, warranted, repaired, serviced, and distributed the Subject RV.

45.    The Subject RV was negligently designed and/or manufactured, and had dangerous design and/or manufacturing defects.

46.    The Subject RV's defects include improper and inadequate layout, ventilation, and flame-resistance characteristics of interior materials. In addition, the Subject RV lacked adequate electrical circuitry to prevent, detect, and protect against foreseeable electrical faults which may occur in commonly used consumer appliances, including the Subject Air Fryer. Consequently, a small cooking fire or malfunction of a consumer appliance can cause an immediate and rapid conflagration that engulfs the vehicle's interior, consumes all available oxygen, and fills the living spaces with toxic gasses including carbon monoxide.

47.     Prior to his death, decedent Randall B. Dougherty used the Subject RV as his residence. Decedent did not modify or alter the Subject RV prior to the subject incident.  Decedent used the Subject RV for purposes that were intended by and/or foreseeable to the RV DEFENDANTS.

**Randall B. Dougherty, Jr. Sustained Fatal Injuries in the Fire**

48.     On or about December 18, 2022, decedent Randall B. Dougherty, Jr. was inside the Subject RV with his two dogs. Decedent was cooking a meal. A fire erupted in the kitchen area. Fire investigators later determined that the fire was started by the Subject Air Fryer.

49.     As a direct and proximate result of the defective and dangerous condition of the Subject Air Fryer, the appliance malfunctioned and burst into flames, igniting the Subject RV's kitchen cabinetry on the nearby wall and other interior materials.

50.     As a direct and proximate result of the defective and dangerous condition of the Subject RV, the vehicle's electrical circuitry failed to detect any electrical fault occurring within the Subject Air Fryer and failed to interrupt the power supplied to the appliance, allowing the fire to worsen in severity. As a further direct and proximate result of the defective and dangerous condition of the Subject RV, the fire rapidly spread throughout the vehicle, igniting the ceiling, consuming all available oxygen, and filling the interior living spaces with dark black smoke and toxic gasses, including carbon monoxide.

///

///

///

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

 

*Sheriff Department investigator photos showing the Subject Air Fryer as it was found after the fire (left) and after it was removed from the Subject RV (right).*



*Sheriff Department investigator photo showing the Subject RV's badly burned ceiling, including scorched interior surfaces and melted plastic fixtures.*

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

51.   Decedent Randall B. Doughtery, Jr. was awake within the Subject RV during the fire. He attempted to egress the vehicle, but the fire spread too rapidly. Flaming melted plastic dripped from the ceiling onto his face, eyes, arms, chest, and back. Toxic black smoke filled his lungs and obscured his vision. Unable to see or breathe, and in agonizing pain from the burning materials dripping onto his skin, decedent collapsed face down inches away from the door, with one hand reaching toward the would-be escape that remained just out of reach. Decedent and his two dogs lost consciousness and died due to the combined effects of smoke inhalation and carbon monoxide poisoning.

## FIRST CAUSE OF ACTION

### [Strict Product Liability as to the AIR FRYER DEFENDANTS]

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the ESTATE OF RANDALL B. DOUGHERTY, JR., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC., VIVITECH SOLUTIONS, INC., AND DOES FIFTEEN through FORTY, inclusive, and each of them, and for a First Cause of Action allege:

52.   Plaintiffs hereby refer to and incorporates by reference each of the allegations set forth above and makes them part of this, the First Cause of Action, as though fully set forth herein.

53.   At the time the Subject Air Fryer left the possession of the AIR FRYER DEFENDANTS, it was in a defective condition and was unreasonably dangerous when used in a reasonably foreseeable manner. The Subject Air Fryer constituted a defective product as that term is used in California law, rendering the AIR FRYER DEFENDANTS, and each of them, strictly liable in tort for the death of Randall B. Dougherty, Jr.

54. Prior to the date when the Subject Air Fryer was designed and/or manufactured, the AIR FRYER DEFENDANTS knew that kitchen appliances such as air fryers must adequately protect against overheating and fires through appropriate air circulation, isolation of food materials from heating elements, and electrical circuits that protect against overheating, short-circuit and closed-circuit failures, and inadvertent activation.

55. On and prior to December 18, 2022, the Subject Air Fryer was defective in its design in that, among other things, it lacked sufficient protections against overheating and fires, and therefore would not, could not, and did not perform in a manner as safely as an ordinary consumer would expect when subjected to foreseeable conditions.

56. The Subject Air Fryer was also defective in its manufacture at the time it left the possession of the AIR FRYER DEFENDANTS because it differed from the intended result of the AIR FRYER DEFENDANTS, and also differed from apparently identical products from the same manufacturer(s).

57. The Subject Air Fryer also lacked sufficient instructions and/or warnings of potential risks that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific community at the time the Subject Air Fryer was manufactured, distributed, and/or sold. These risks presented a substantial danger of fire and death when the Subject Air Fryer was used or misused in an intended or reasonably foreseeable way. Moreover, ordinary consumers would not have recognized the potential risk of fire and death. Accordingly, the AIR FRYER DEFENDANTS failed to adequately warn of these potential risks.

58. At all times relevant hereto, the AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

59. The conduct of the AIR FRYER DEFENDANTS as herein described evidences despicable conduct, carried out with a willful and conscious disregard for the rights and safety of the public, including decedent Randall B. Dougherty, Jr. pursuant to the provisions of Civil Code § 3294.

60. The Subject Air Fryer, as designed and manufactured, lacking sufficient instructions and/or warnings, and resulting from the AIR FRY DEFENDANTS' negligent, careless, and reckless conduct in conscious disregard for the safety and rights of consumers, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

61. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR. and JOLENE DOUGHERTY have incurred special damages representing funeral costs, burial costs, costs incident to the disposition of the remains of decedent, loss of income, loss of financial support, and loss of the reasonable value of household services that decedent Randall B. Dougherty, Jr. would have contributed to Plaintiffs. The precise amount of such expenses being presently unknown, Plaintiffs pray leave to insert by way of amendment when the same have finally been determined.

62. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., and JOLENE DOUGHERTY suffered general damages in that they have been deprived of a kind and loving son and of his loving care, comfort, companionship, society, protection, moral support, financial support, and physical and financial assistance in the maintenance of their home.

63. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., and JOLENE DOUGHERTY have sustained general and special damages in a sum in excess of the minimum jurisdictional limits of this Court.

64. By reason of the premises, Plaintiff ESTATE OF RANDALL B. DOUGHERTY, JR. sustained or incurred loss and damage prior to the decedent's death, including damages for his pain, suffering, and disfigurement, and punitive or

exemplary damages that decedent would have been entitled to recover had he survived.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

**[Negligent Failure to Warn or Instruct as to the AIR FRYER DEFENDANTS]**

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC., VIVITECH SOLUTIONS, INC., AND DOES FIFTEEN through FORTY, inclusive, and each of them, and for a Second Cause of Action allege:

65.    Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and make it part of this, the Second Cause of Action, as though set forth fully herein.

66.    At all times relevant hereto, the AIR FRYER DEFENDANTS, and each of them, knew or should have known of the defects and risk of harm associated with the Subject Air Fryer.

67.    At all times relevant hereto, ordinary consumers like decedent Randall B. Dougherty, Jr. would not have recognized the defects and potential risks associated with the Subject Air Fryer.

68.    On and prior to December 18, 2022, the AIR FRYER DEFENDANTS failed to adequately warn or instruct of the above-described defects and knowable risks associated with the Subject Air Fryer.

69.    The AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was to be used by consumers without analysis of performance characteristics or inspection for defects.

18
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

70. The Subject Air Fryer was unsafe for its intended use by reason of the failure of the AIR FRY DEFENDANTS to provide adequate and appropriate instructions and warnings relating the characteristics of the Subject Air Fryer, and to advise decedent of the fact that the Subject Air Fryer was not capable of performing as expected under reasonably foreseeable conditions.

71. At all times relevant hereto, the AIR FRYER DEFENDANTS had a duty to provide complete, accurate, and adequate instructions, information, and warnings, including, without limitation, safety information and warnings regarding the known or knowable performance characteristics and/or injury-causing propensities of the Subject Air Fryer in foreseeable scenarios.

72. At all times relevant hereto, the AIR FRYER DEFENDANTS failed and omitted to provide said information, such that decedent Randall B. Dougherty, Jr. was not provided with information, known or knowable to such defendants, which would have prevented him from using the Subject Air Fryer or allowing it to be inside his home.

73. At all times relevant hereto, the AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

74. The conduct of the AIR FRYER DEFENDANTS as herein described evidences despicable conduct, carried out with a willful and conscious disregard for the rights and safety of the public, including decedent Randall B. Dougherty, pursuant to the provisions of Civil Code § 3294.

75. The Subject Air Fryer, lacking sufficient instructions and/or warnings resulting from the AIR FRY DEFENDANTS' negligent, careless, and reckless conduct, in conscious disregard for the safety and rights of consumers, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

76. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, pre-death pain and suffering damages, and punitive and exemplary damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**[Negligent Design and Manufacture as to the AIR FRYER DEFENDANTS]**

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC., VIVITECH SOLUTIONS, INC., AND DOES FIFTEEN through FORTY, inclusive, and each of them, and for a Third Cause of Action allege:

77. Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and make it part of this, the Third Cause of Action, as though set forth fully herein.

78. At all times relevant hereto, the Subject Air Fryer was a product that was reasonably certain to be dangerous if negligently made, and the AIR FRYER DEFENDANTS had a duty to exercise reasonable care in the design, manufacture, testing, and inspection of the Subject Air Fryer to that it could be safely used in a manner and for a purpose for which it was made.

79. On and prior to December 18, 2022, the AIR FRYER DEFENDANTS breached said duty, and were negligent, careless, and reckless in and about their manufacturing, designing, importing, supplying, selling, warranting, repairing, servicing, and distributing in the stream of commerce the Subject Air Fryer.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

80. At all times relevant hereto, the AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

81. The conduct of the AIR FRYER DEFENDANTS as herein described evidences despicable conduct, carried out with a willful and conscious disregard for the rights and safety of the public, including decedent Randall B. Dougherty, pursuant to the provisions of Civil Code § 3294.

82. The Subject Air Fryer, due to the AIR FRY DEFENDANTS' negligent, careless, and reckless conduct, in conscious disregard for the safety and rights of consumers, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

83. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the ESTATE OF RANDALL B. DOUGHERTY, JR., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, pre-death pain and suffering damages, and punitive and exemplary damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### [Negligence (Post-Sale) as to the AIR FRYER DEFENDANTS]

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants TARGET CORPORATION, SPECTRUM BRANDS, INC., SPECTRUM BRANDS HOLDINGS, INC., EMPOWER BRANDS, LLC, TRISTAR PRODUCTS, INC., VIVITECH SOLUTIONS, INC., AND DOES FIFTEEN through FORTY, inclusive, and each of them, and for a Fourth Cause of Action allege:

21

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

84.    Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and makes it part of this, the Fourth Cause of Action, as though set forth fully herein.

85.    For the reasons set forth more fully above and as a result of information acquired after the sale of the Subject Air Fryer through CPSC reports, warranty claims, repair requests, lawsuits, claims, media, press, and other means, the AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was likely to cause injury to consumers, including decedent Randall B. Dougherty, Jr., when used in a reasonably foreseeable manner.

86.    At all times relevant hereto, the AIR FRYER DEFENDANTS had the technical ability and knowledge to identify purchasers, owners, and/or users of all PowerXL Vortex-type air fryers, including the Subject Air Fryer, though reasonable steps and actions.

87.    At all times relevant hereto, the AIR FRYER DEFENDANTS knew or should have known that purchasers, owners, and/or users of PowerXL Vortex-type air fryers, including the Subject Air Fryer, were unaware of the defects in the appliances.

88.    At all times relevant hereto, a reasonable and truthful warning and/or product recall could have been effectively issued, and acted upon, by purchasers, owners, and/or users of PowerXL Vortex-type air fryers, including decedent Randall B. Dougherty, Jr.

89.    At all times relevant hereto, a reasonable designer, manufacturer, importer, supplier, seller, warranter, repairer, servicer, or distributor in the position of the AIR FRYER DEFENDANTS would have issued a recall, instituted a product exchange program, and/or provided warning to the public, purchasers, users, or consumers of PowerXL Vortex-type air fryers, like the Subject Air Fryer, of the product's defective condition, in light of the risk of harm, and despite any burden imposed by providing such a recall or warning.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

90.    On and prior to December 18, 2022, the AIR FRYER DEFENDANTS failed to issue such a recall, product exchange program, or warning, and were therefore negligent, careless, and reckless.

91.    At all times relevant hereto, the AIR FRYER DEFENDANTS knew or should have known that the Subject Air Fryer was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

92.    The conduct of the AIR FRYER DEFENDANTS as herein described evidences despicable conduct, carried out with a willful and conscious disregard for the rights and safety of the public, including decedent Randall B. Dougherty, Jr., pursuant to the provisions of Civil Code § 3294.

93.    The Subject Air Fryer, due to the AIR FRY DEFENDANTS' negligent, careless, and reckless conduct in conscious disregard for the safety and rights of consumers, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

94.    By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages, as hereinabove set forth, including economic damages, general damages, pre-death pain and suffering damages, and punitive and exemplary damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**[Strict Product Liability as to the RV DEFENDANTS]**

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and

DOES ONE through TWENTY-FIVE, inclusive, and each of them, and for a Fifth Cause of Action allege:

95. Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and make it part of this, the Fifth Cause of Action, as though set forth fully herein.

96. At the time the Subject RV left the possession of the RV DEFENDANTS, it was in a defective condition and was unreasonably dangerous when used in a reasonably foreseeable manner. The Subject RV constituted a defective product as that term is used in California law, rendering the RV DEFENDANTS, and each of them, strictly liable in tort for the death of Randall B. Dougherty, Jr.

97. Prior to the date when the Subject RV was designed and/or manufactured, the RV DEFENDANTS knew that recreational vehicles must feature adequate layout, ventilation, flame-resistance characteristics, and protective electrical circuitry to prevent and protect against electrical faults and fires caused by the foreseeable use of common appliances, including air fryers like the Subject Air Fryer.

98. On and prior to December 18, 2022, the Subject RV was defective in its design in that, among other things, it lacked adequate layout, ventilation, flame-resistance characteristics, and protective electrical circuitry to prevent and protect against electrical faults and fires caused by the foreseeable use of common appliances, and therefore would not, could not, and did not perform in a manner as safely as an ordinary consumer would expect when subjected to foreseeable conditions.

99. The Subject RV was also defective in its manufacture at the time it left the possession of the RV DEFENDANTS because it differed from the intended result of the RV DEFENDANTS, and also differed from apparently identical products from the same manufacturer(s).

100. The Subject RV also lacked sufficient instructions and/or warnings of potential risks that were known or knowable in light of the scientific knowledge that

was generally accepted in the scientific/engineering/manufacturing community at the time the Subject RV was manufactured, distributed, and/or sold. These risks presented a substantial danger of fire and death when the Subject RV was used or misused in an intended or reasonably foreseeable way. Moreover, ordinary consumers would not have recognized the potential risk of fire and death. Accordingly, the RV DEFENDANTS failed to adequately warn of these potential risks.

101.    At all times relevant hereto, the RV DEFENDANTS knew or should have known that the Subject RV was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

102.    The Subject RV, as designed and manufactured, lacking sufficient instructions and/or warnings, and resulting from the RV DEFENDANTS' negligent and careless conduct, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

103.    By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, and pre-death pain and suffering damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

## SIXTH CAUSE OF ACTION

**[Negligent Failure to Warn or Instruct as to the RV DEFENDANTS]**

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and DOES ONE through TWENTY-FIVE, inclusive, and each of them, and for a Sixth Cause of Action allege:

104.    Plaintiffs hereby refer to and incorporate by reference each allegation set

forth above and make it part of this, the Sixth Cause of Action, as though set forth fully herein.

105.   At all times relevant hereto, the RV DEFENDANTS, and each of them, knew or should have known of the defects and risk of harm associated with the Subject RV.

106.   At all times relevant hereto, ordinary consumers like decedent Randall B. Dougherty, Jr. would not have recognized the defects and potential risks associated with the Subject RV.

107.   On and prior to December 18, 2022, the RV DEFENDANTS failed to adequately warn or instruct of the above-described defects and knowable risks associated with the Subject RV.

108.   The RV DEFENDANTS knew or should have known that the Subject RV was to be used by consumers without analysis of performance characteristics or inspection for defects.

109.   The Subject RV was unsafe for its intended use by reason of the failure of the RV DEFENDANTS to provide adequate and appropriate instructions and warnings relating the characteristics of the Subject RV, and to advise decedent Randall B. Dougherty, Jr. of the fact that the Subject RV was not capable of performing as expected under reasonably foreseeable conditions.

110.   At all times relevant hereto, the RV DEFENDANTS had a duty to provide complete, accurate, and adequate instructions, information, and warnings, including, without limitation, safety information and warnings regarding the known or knowable performance characteristics and/or injury-causing propensities of the Subject RV in foreseeable scenarios.

111.   At all times relevant hereto, the RV DEFENDANTS failed and omitted to provide said information, such that decedent Randall B. Dougherty, Jr. was not provided with information, known or knowable to such Defendants, which would have prevented him from using the Subject RV.

112.   At all times relevant hereto, the RV DEFENDANTS knew or should have known that the Subject RV was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

113.   The Subject RV, lacking sufficient instructions and/or warnings and resulting from the RV DEFENDANTS' negligent and careless conduct, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

114.   By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, and pre-death pain and suffering damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

**[Negligent Design and Manufacture as to the RV DEFENDANTS]**

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and DOES ONE through TWENTY-FIVE, inclusive, and each of them, and for a Seventh Cause of Action allege:

115.   Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and make it part of this, the Seventh Cause of Action, as though set forth fully herein.

116.   At all times relevant hereto, the Subject RV was a product that was reasonably certain to be dangerous if negligently made, and the RV DEFENDANTS had a duty to exercise reasonable care in the design, manufacture, testing, and

inspection of the Subject RV, so that it could be safely used in a manner and for a purpose for which it was made.

117.   On and prior to December 18, 2022, the RV DEFENDANTS breached said duty, and were negligent and careless in and about their manufacturing, designing, importing, supplying, selling, warranting, repairing, servicing, and distributing in the stream of commerce, the Subject RV.

118.   At all times relevant hereto, the RV DEFENDANTS knew or should have known that the Subject RV was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

119.   The Subject RV, as designed and manufactured, and resulting from the RV DEFENDANTS' negligent and careless conduct, directly and proximately caused the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

120.   By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, and pre-death pain and suffering damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

## EIGTH CAUSE OF ACTION

### [Negligence (Post-Sale) as to the RV DEFENDANTS]

Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY ("Plaintiffs") complain of Defendants HEARTLAND RECREATIONAL VEHICLES, LLC and DOES ONE through TWENTY-FIVE, inclusive, and each of them, and for an Eighth Cause of Action allege:

121. Plaintiffs hereby refer to and incorporate by reference each allegation set forth above and makes it part of this, the Eighth Cause of Action, as though set forth fully herein.

122. For the reasons set forth more fully above, and as a result of information acquired after the sale of the Subject RV through warranty claims, repairs, notices, lawsuits, claims, and other means, the RV DEFENDANTS knew or should have known that the Subject RV was likely to cause injury to consumers, including decedent Randall B. Dougherty, Jr., when used in a reasonably foreseeable manner.

123. At all times relevant hereto, the RV DEFENDANTS had the technical ability and knowledge to identify purchasers, owners, and/or users of 2008 Big Horn fifth wheel travel trailers, including the Subject RV, though reasonable steps and actions.

124. At all times relevant hereto, the RV DEFENDANTS knew or should have known that purchasers, owners, and/or users of 2008 Big Horn fifth wheel travel trailers, including the Subject RV, were unaware of the defects complained of herein.

125. At all times relevant hereto, a reasonable and truthful warning and/or product recall could have been effectively issued, and acted upon, by purchasers, owners, and/or users of 2008 Big Horn fifth wheel travel trailers, including decedent Randall B. Dougherty, Jr.

126. At all times relevant hereto, a reasonable designer, manufacturer, importer, supplier, seller, warranter, repairer, servicer, or distributor in the position of the RV DEFENDANTS would have issued a recall, instituted a product exchange program, and/or provided warnings to the public, purchasers, users, or consumers of 2008 Big Horn fifth wheel travel trailers, like the Subject RV, of the product's defective condition, in light of the risk of harm, and despite any burden imposed by providing such recall or warning.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

127. On and prior to December 18, 2022, the RV DEFENDANTS failed to issue such a recall, product exchange program, or warning, and were therefore negligent, and careless.

128. At all times relevant hereto, the RV DEFENDANTS knew or should have known that the Subject RV was dangerous and presented an unacceptable risk of fire and death to the public, including decedent Randall B. Dougherty, Jr.

129. The Subject RV, due to the RV DEFENDANTS' negligent and careless conduct, directly and proximately caused, or contributed to the cause of, the death of Randall B. Dougherty, Jr. on or about December 18, 2022.

130. By reason of the premises, Plaintiffs RANDALL L. DOUGHERTY, SR., individually and on behalf of the Estate of Randall B. Dougherty, Jr., and JOLENE DOUGHERTY, were caused to suffer and sustain damages as hereinabove set forth, including economic damages, general damages, and pre-death pain and suffering damages.

Wherefore, Plaintiffs pray for judgment against the Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

a. For general damages according to proof;

b. For special damages according to proof;

c. For wrongful death damages according to proof;

d. For survival action pre-death pain and suffering damages according to proof;

e. For survival action punitive and exemplary damages, against the AIR FRYER DEFENDANTS only, according to proof;

f. For costs of this suit;

g. For pre-judgment interest; and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

h.    For such other and further relief that the Court deems proper.

Dated:  May 10, 2024                    BAILEY & GLASSER, LLP

By:  _____

TODD A. WALBURG
SCOTT B. BAEZ
Attorneys for the Plaintiffs

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated:  May 10, 2024                    BAILEY & GLASSER, LLP

By:  _____

TODD A. WALBURG
SCOTT B. BAEZ
Attorneys for the Plaintiffs

31
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Todd A. Walburg (SBN 213063), Bailey & Glasser, LLP<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>TELEPHONE NO.: 510-272-8000          FAX NO.: 510-463-0291<br>EMAIL ADDRESS: twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY SR., et al. | **FOR COURT USE ONLY**<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>5/10/2024 9:53 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Covarrubias, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
  STREET ADDRESS: 312 North Spring Street
  MAILING ADDRESS: 312 North Spring Street
  CITY AND ZIP CODE: Los Angeles, CA 90012
  BRANCH NAME: Spring Street Courthouse

CASE NAME:
  RANDALL L. DOUGHERTY SR., ET AL V. TARGET CORPORATION, ET AL.

| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited**    [ ] **Limited**<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joiner<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**24STCV11878**<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2.  This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [x] Large number of separately represented parties
  b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [x] Substantial amount of documentary evidence
  d. [x] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 8
5.  This case [ ] is [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 05/10/2024
Todd A. Walburg
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

| SHORT TITLE | CASE NUMBER |
|---|---|
| RANDALL L. DOUGHERTY SR., et al v. TARGET CORPORATION, et al. | 24STCV11878 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.   Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.   Location where petitioner resides. |
| 2.   Permissive filing in Central District. | 8.   Location wherein defendant/respondent functions wholly. |
| 3.   Location where cause of action arose. | 9.   Location where one or more of the parties reside. |
| 4.   Location where bodily injury, death or damage occurred. | 10.   Location of Labor Commissioner Office. |
| 5.   Location where performance required, or defendant resides. | 11.   Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.    Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| RANDALL L. DOUGHERTY SR., et al v. TARGET CORPORATION, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☑ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| RANDALL L. DOUGHERTY SR., et al v. TARGET CORPORATION, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| RANDALL L. DOUGHERTY SR., et al v. TARGET CORPORATION, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| RANDALL L. DOUGHERTY SR., et al v. TARGET CORPORATION, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS: Complex Litigation Spring Street Courthouse 312 North Spring Street Los Angeles, CA 90012 |
|---|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Spring Street Courthouse__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __05/10/2024__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**

Spring Street Courthouse, 312 North Spring Street Los Angeles, CA 90012

| PLAINTIFF: | DEFENDANT: |
|---|---|
| Randall L. Dougherty, Sr. and Jolene Dougherty | Target Corporation, et al. |

| **COMPLEX CIVIL CASE QUESTIONNAIRE** | CASE NUMBER | DEPARTMENT/UNIT |
|---|---|---|
| | | TELEPHONE NUMBER |

Name of person filling out this form: _Todd A. Walburg_____

Telephone Number: _510-272-8000_____

If this form is completed by counsel, identify the party that counsel represents: _Plaintiffs_____

Name of bench officer to whom case is assigned: _____

Department to which case is assigned: _____

## —INSTRUCTIONS—

Pursuant to California Rule of Court, rule 3.403, the Court must decide as soon as reasonably practicable whether an action is a complex case, and the Court has the continuing authority to determine that a civil action is a complex case. When a judge to whom a case is assigned determines that the case should be designated as "complex" within the meaning of California Rule of Court, rule 3.400, the judge may seek to transfer the case to the Complex Litigation Program using the procedure specified in Local Rules, rule 3.3(k). This form is designated by the Assistant Supervising Judge, Complex Litigation Courts as the Complex Civil Case Questionnaire to be completed by the judge assigned to the case, or by a party, on order of the Court.

The purpose of this questionnaire is to help the Court identify cases appropriate for inclusion in the Complex Litigation Program. Responses should be derived from the Court's experience with the case since it was filed, examination of the court case record, and information provided by parties and counsel, to the extent that information is readily available to the individual(s) completing this questionnaire. The questionnaire and the court case record will be reviewed by the Assistant Supervising Judge, Complex Litigation Courts. The information provided in this questionnaire should be as thorough as possible to facilitate this review and to expedite determination of whether the case should be included in the Program. The Assistant Supervising Judge, Complex Litigation Courts may request a telephonic status conference with the parties to obtain additional information. The Assistant Supervising Judge, Complex Litigation Courts may decide whether or not to accept the case for the Complex Litigation Program with or without a hearing. If the case is not accepted for the Complex Litigation Program, the assigned judge's complex case designation nevertheless governs the case.

**COMPLEX CIVIL CASE QUESTIONNAIRE**

| SHORT TITLE<br>Randall L. Dougherty, Sr., et al. v. Target Corporation, et al. | CASE NUMBER |
| --- | --- |

1. According to California Rules of Court, rule 3.400, a complex case is: "An action that requires exceptional judicial management to avoid placing unnecessary burdens on the court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties and counsel."

   ☑ This definition accurately and fully describes this case.

   ☐ Although the definition does not precisely fit this case, it should be deemed complex because:

   _____
   _____
   _____
   _____
   _____
   _____

2. Which of the following case type(s) best describe(s) this case?

   a. ☐ Antitrust or trade

   b. ☐ Construction defect case

   c. ☐ Securities claims or investment losses involving many parties

   d. ☐ Environmental or toxic tort claims involving many parties

   e. ☐ Claims involving mass torts

   f. ☐ Claims involving class actions

   g. ☐ Insurance coverage claims arising out of any of the above. Please indicate case type forming basis of insurance coverage claim:

   _____
   _____
   _____

   h. ☑ Other case type.  Please describe:

   Complex product liability litigation involving multiple products and defendants.
   _____
   _____
   _____

LACIV 211 (Rev. 09/12)    **COMPLEX CIVIL CASE QUESTIONNAIRE**    Cal. Rules of Court, rule 3.400<br>LASC Approved  09-08                                     Page 2 of 5<br>For Optional Use

| SHORT TITLE | CASE NUMBER |
|---|---|
| Randall L. Dougherty, Sr., et al. v. Target Corporation, et al. | |

3.  This case should be processed as a complex civil litigation case because it involves or is likely to involve the following:

a.  ☑ Numerous pre-trial motions raising difficult or novel issues that will be time-consuming to resolve.

Please briefly describe:

Plaintiffs anticipate pre-trial motions regarding discovery related to multiple defendants' failure to conduct product safety recalls.

b.  ☑ Management of a large number of witnesses or substantial amount of documentary evidence.

Estimated number of witnesses: 15

Estimated number of pages of documentary evidence: 500,000

c.  ☑ Management of a large number of separately represented parties.

Estimated number of parties: 7 and number of counsel: 7

d.  ☐ Coordination with related actions pending in one or more courts in other counties, states, countries or in a federal court. Please indicate case names, numbers and jurisdictions (attach additional sheet if necessary):

_____
_____
_____

e.  ☐ Substantial post-judgment judicial supervision.  Please describe the nature and duration of the judicial supervision required and types of post-judgment activity needing supervision:

_____
_____

f.  ☐ Describe any other unique characteristics which qualify this case for inclusion in the Court's Complex Litigation Program:

_____
_____
_____

4.  When was this case filed? 05/10/2024

5.  How many causes of action are alleged in the complaint? 8

How many plaintiffs are named in the complaint? 2

How many defendants are named in the complaint? 7

LACIV 211 (Rev. 09/12)
LASC Approved  09-08
For Optional Use

**COMPLEX CIVIL CASE QUESTIONNAIRE**

Cal. Rules of Court, rule 3.400
Page 3 of 5

| SHORT TITLE | CASE NUMBER |
|---|---|
| Randall L. Dougherty, Sr., et al. v. Target Corporation, et al. | |

6.   How many cross actions have been filed? _0_____

How many are anticipated? _4_____

7.   What involvement has the Court had to date in pretrial matters?

a.   Law and Motion proceedings. Please indicate type, complexity and rulings made:

None - Case has just been filed.
_____
_____
_____
_____

b.   Discovery proceedings. Please indicate type, complexity and rulings made:

None - Case has just been filed.
_____
_____
_____
_____

c.   Settlement negotiations or alternate dispute resolution (ADR) proceedings. Please indicate number of sessions, parties participating and any other relevant non-privileged details:

None - Case has just been filed.
_____
_____
_____
_____

d.   Other involvement in pre-trial activities:

None - Case has just been filed.
_____
_____
_____
_____

e.   What issues remain to be resolved, and how many hearings over what period of time will be required to resolve them?

Unknown at present.
_____
_____
_____
_____

LACIV 211 (Rev. 09/12)
LASC Approved  09-08
For Optional Use

**COMPLEX CIVIL CASE QUESTIONNAIRE**

Cal. Rules of Court, rule 3.400
Page 4 of 5

| SHORT TITLE | CASE NUMBER |
|---|---|
| Randall L. Dougherty, Sr., et al. v. Target Corporation, et al. | |

f.   Has a trial date been set?   ☑ No   ☐ Yes   Date: _____

g.   Has any party filed a motion for preference in setting trial, or does any party currently intend to file such a motion?   ☑ No   ☐ Yes   Party: _____

h.   Does the assigned court wish to keep the case?   ☐ Yes   ☐ No

Why or why not?

_____

_____

_____

_____

LACIV 211 (Rev. 09/12)
LASC Approved  09-08
For Optional Use

**COMPLEX CIVIL CASE QUESTIONNAIRE**

Cal. Rules of Court, rule 3.400
Page 5 of 5



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**

Central District, Spring Street Courthouse, Department 11

**24STCV11878**                                                                                                  May 23, 2024
**RANDALL L. DOUGHERTY, SR., et al. vs TARGET**                                    3:25 PM
**CORPORATION, et al.**

Judge: Honorable David S. Cunningham III          CSR: None
Judicial Assistant: A. Rosas                                    ERM: None
Courtroom Assistant: C. Concepcion                    Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re:

The Court has reviewed plaintiffs' Complaint and Civil Case Cover Sheet filed on 5/10/2024.

Accordingly, Order to Show Cause Re: Re: Complex Determination is scheduled for 07/03/2024 at 11:00 AM in Department 11 at Spring Street Courthouse.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

Minute Order                                                                                                           Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

05/23/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Rosas _____ Deputy

PLAINTIFF/PETITIONER:
Randall L. Dougherty, Sr.  et al

DEFENDANT/RESPONDENT:
Target Corporation, et al.

| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV11878 |
| --- | --- |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re:) of 05/23/2024 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Todd A. Walburg
Bailey & Glasser LLP
1999 Harrison Street
Suite 660
Oakland, CA 94612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/24/2024

By: __A. Rosas_____
Deputy Clerk

**CERTIFICATE OF MAILING**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>TELEPHONE NO.: (510) 272-8000    FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, J., Deceased, and JOLENE DOUGHERTY | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/03/2024 2:16 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dougherty |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Minute Order dated 05/23/2024

3. a. Party served *(specify name of party as shown on documents served):*
      Spectrum Brands, Inc.
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Koy Saechao, was served, an employee of CSC Lawyers Incorporating Service, the authorized agent for service of process for Defendant, Spectrum Brands, Inc.

4. Address where the party was served:
   2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* May 29, 2024        (2) at *(time):* 1:47 pm

   b. ☐ **by substituted service.** On *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Koy Saechao, was served, an employee of CSC Lawyers Incorporating Service

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*              from *(city):*              **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |
|---|---|

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1)  on *(date):*                                    (2)  from *(city):*

   (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

   (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a.  ☐  as an individual defendant.

   b.  ☐  as the person sued under the fictitious name of  *(specify):*

   c.  ☐  as occupant.

   d.  ☒  On behalf of *(specify):* Spectrum Brands, Inc.
        under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
   | ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
   | ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
   | ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
   | ☐  416.50 (public entity) | ☐  415.46 (occupant) |
   | | ☐  other: |

7.  **Person who served papers**

   a.  Name:  Matthew Leonardo

   b.  Address:  4914 Cabrillo way, Sacramento , CA 95820

   c.  Telephone number:  +1 (916) 459-5565

   d.  **The fee** for service was: $ 85

   e.  I am:

      (1)  ☐  not a registered California process server.

      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

      (3)  ☒  a registered California process server:

         (i)  ☒  owner      ☐  employee      ☐  independent contractor.

         (ii)  Registration No.:  2009-018

         (iii)  County:  Sacramento County, CA

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  5/31/2024

Matthew Leonardo
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Matthew Leonardo*
_____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          **Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>TELEPHONE NO.: (510) 272-8000    FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually; et al. | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/03/2024 2:11 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 312 North Spring Street<br>MAILING ADDRESS: 312 North Spring Street<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: Spring Street Courthouse | |

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br><br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Dougherty |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☒ summons

    b. ☒ complaint

    c. ☒ Alternative Dispute Resolution (ADR) package

    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☒ other *(specify documents):* Minute Order dated 05/23/2024

3. a. Party served *(specify name of party as shown on documents served):*
    Target Corporation

    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Jessie Gastelum, Intake Specialist, was served, an employee of CT Corporation System, the authorized agent for service of process for Defendant, Target Corporation

4. Address where the party was served:
    330 N Brand Blvd., Suite 700, Glendale, CA 91203

5. I served the party *(check proper box)*

    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* May 29, 2024     (2) at *(time):* 10:14 am

    b. ☐ **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     **or** ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |

5.　c.　☐　**by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　(1) on *(date):*　　　　　　　　　　(2) from *(city):*

　　　(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

　　　(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　d.　☐　**by other means** *(specify means of service and authorizing code section):*

　　　☐　Additional page describing service is attached.

6.　The "Notice to the Person Served" (on the summons) was completed as follows:

　a.　☐　as an individual defendant.

　b.　☐　as the person sued under the fictitious name of *(specify):*

　c.　☐　as occupant.

　d.　☒　On behalf of *(specify):* Target Corporation

　　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.　**Person who served papers**

　a.　Name:　Joecelyn Ramos

　b.　Address:　1947 chivers st, San Fernando, CA 91340

　c.　Telephone number:　+1 (818) 356-6146

　d.　**The fee** for service was: $ 85

　e.　I am:

　　　(1) ☐ not a registered California process server.

　　　(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

　　　(3) ☒ a registered California process server:

　　　　　(i)　☒ owner　☐ employee　☐ independent contractor.

　　　　　(ii)　Registration No.:　2019112771

　　　　　(iii)　County:　Los Angeles County

8.　☒　**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　**or**

9.　☐　**I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:　5/31/2024

Joecelyn Ramos
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Joecelyn Ramos*
_____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]　　　　**PROOF OF SERVICE OF SUMMONS**　　　　**Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]　[ Save this form ]　[ Clear this form ]

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/03/2024 2:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Arellanes, Deputy Clerk

TODD A. WALBURG (State Bar No. 213063)
twalburg@baileyglasser.com
SCOTT B. BAEZ (State Bar No. 330485)
sbaez@baileyglasser.com
**BAILEY & GLASSER LLP**
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

*Attorneys for Plaintiffs*
*RANDALL L. DOUGHERTY, SR.,*
*Individually and on Behalf of the*
*Estate of Randall B. Dougherty, Jr.,*
*Deceased, and JOLENE DOUGHERTY*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 24STCV11878 <br><br> **PROOF OF SERVICE OF MINUTE ORDER DATED MAY 23, 2024** |

1

**PROOF OF SERVICE OF MINUTE ORDER**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division

Central District, Spring Street Courthouse, Department 11

**24STCV11878**
**RANDALL L. DOUGHERTY, SR., et al. vs TARGET
CORPORATION, et al.**

May 23, 2024
3:25 PM

Judge: Honorable David S. Cunningham III      CSR: None
Judicial Assistant: A. Rosas                  ERM: None
Courtroom Assistant: C. Concepcion            Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re:

The Court has reviewed plaintiffs' Complaint and Civil Case Cover Sheet filed on 5/10/2024.

Accordingly, Order to Show Cause Re: Re: Complex Determination is scheduled for 07/03/2024 at 11:00 AM in Department 11 at Spring Street Courthouse.

Plaintiff is ordered to forthwith serve a copy of this minute order on all parties and file a proof of service within seven (7) days of service.

Certificate of Mailing is attached.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
**Spring Street Courthouse**
**312 North Spring Street, Los Angeles, CA 90012**

PLAINTIFF/PETITIONER:
Randall L. Dougherty, Sr.  et al

DEFENDANT/RESPONDENT:
Target Corporation, et al.

**FILED**
Superior Court of California
County of Los Angeles
**05/23/2024**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ A. Rosas _____ Deputy

| **CERTIFICATE OF MAILING** | CASE NUMBER: 24STCV11878 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re:) of 05/23/2024 upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Todd A. Walburg
Bailey & Glasser LLP
1999 Harrison Street
Suite 660
Oakland, CA 94612

David W. Slayton, Executive Officer / Clerk of Court

Dated: 05/24/2024

By: __A. Rosas_____
        Deputy Clerk

**CERTIFICATE OF MAILING**

*Randall L. Dougherty, Sr., et al., v. Target Corporation, et al.*
Los Angeles County Superior Court Case No. 24STCV11878

## PROOF OF SERVICE

I am employed in the County of Kanawha, West Virginia.  I am over the age of eighteen years, and not a party to the within entitled action; my business address is Bailey & Glasser, 209 Capitol Street, Charleston, WV 25301.

On the date below, I served a copy of the foregoing document(s) upon counsel of record identified on the attached Service List:

**Minute Order Dated May 23, 2024**

| | |
|---|---|
| | **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
| | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from *wjohnson@baileyglasser.com* to the person(s) at the e- mail address(es) listed above or on the service list. |
| X | **BY PERSONAL SERVICE:** I *caused* the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| X | **STATE:** I declare under penalty of perjury under the laws of the State of California and State of West Virginia that the foregoing is true and correct. |
| | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. |

Executed on June 3, 2024 at Charleston, West Virginia.

By: _Whitney Johnson_
Whitney Johnson

1

**PROOF OF SERVICE OF MINUTE ORDER**

*Randall L. Dougherty, Sr., et al., v. Target Corporation, et al.*
Los Angeles County Superior Court Case No. 24STCV11878

## SERVICE LIST

**Served May 29, 2024:**
Target Corporation
c/o CT Corporation System
330 N. Brand Blvd., Suite 700,
Glendale, CA 91203

Spectrum Brands, Inc.
c/o CSC Lawyers Incorporating
Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Heartland Recreational Vehicles, LLC
c/o CT Corporation System
330 N. Brand Blvd., Suite 700,
Glendale, CA 91203

**Served May 30, 2024:**
Spectrum Holdings, Inc.
c/o Corporation Service Company
251 Little Falls Drive,
Wilmington, DE 19808

Empower Brands, LLC
c/o Corporation Service Company
251 Little Falls Drive,
Wilmington, DE 19808

**Served May 31, 2024:**
Vivitech Solutions, Inc.
c/o Perry Roshan-Zamir
2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403

**Sent for Personal Service on June 3, 2024:**
Tristar Products, Inc.
c/o Hand Arendall Harrison Sale LLC,
111 N County Hwy 393, suite 203,
Santa Rosa Beach, FL 32459

2
**PROOF OF SERVICE OF MINUTE ORDER**

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>    TELEPHONE NO.: (510) 272-8000          FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of<br>Randall B. Dougherty, Jr., Deceased, and JOLENE DOUGHERTY | **FOR COURT USE ONLY**<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/04/2024 11:20 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Covarrubias, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; | CASE NUMBER:<br>24STCV11878 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dougherty |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    a.  ☒ summons
    b.  ☒ complaint
    c.  ☒ Alternative Dispute Resolution (ADR) package
    d.  ☒ Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐ cross-complaint
    f.  ☒ other *(specify documents):* Minute Order dated 05/23/2024; Civil Case Cover Sheet Addendum and Statement of Location; Complex Civil Case Questionnaire

3.  a.  Party served *(specify name of party as shown on documents served):*
        Spectrum Holdings, Inc.

    b.  ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        Jane Doe (refused name) was served, an employee of Corporation Service Company, the authorized agent for service of process for Defendant, Spectrum Holdings, Inc. (Race: White, Female, est. age 45-54, glasses: Yes, Brown hair, 200 lbs to 220 lbs, 5' to 5' 3")

4.  Address where the party was served:
    251 Little Falls Drive, Wilmington, DE 19808

5.  I served the party *(check proper box)*
    a.  ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party   (1) on *(date):* May 30, 2024          (2) at *(time):* 2:32 pm

    b.  ☐ **by substituted service.** On *(date):*                    at *(time):*          I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*
        Front Desk Clerk/Ipad, was served, an employee of Corporation Service Company

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*              from *(city):*              **or** ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; | CASE NUMBER:<br>24STCV11878 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date):*  (2)  from *(city):*

  (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☑  On behalf of *(specify):* Spectrum Holdings, Inc.
       under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a.  Name:  Regina Bonner

  b.  Address:  108 Congressional Drive, C, Greenville, DE 19807

  c.  Telephone number:  +1 (215) 980-7916

  d.  **The fee** for service was: $ 120

  e.  I am:

    (1)  ☒  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

      (i)  ☐ owner  ☐ employee  ☐ independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  6/3/2024

Regina Bonner

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Regina Bonner*

(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br>TELEPHONE NO.: (510) 272-8000    FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased, and JOLENE DOUGHERTY | *FOR COURT USE ONLY*<br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/04/2024 11:19 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Carini, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dougherty |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Minute Order dated 05/23/2024; Civil Case Cover Sheet Addendum and Statement of Location; Complex Civil Case Questionnaire

3. a. Party served *(specify name of party as shown on documents served):*
      Empower Brands, LLC

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Jane Doe (refused name), was served, an employee of Corporation Service Company, the authorized agent for service of process for Defendant, Empower Brands, LLC (Race: White, Female, est. age 45-54, glasses: Yes, Brown hair, 200 lbs to 220 lbs, 5' 3" to 5' 6")

4. Address where the party was served:
   251 Little Falls Drive, Wilmington, DE 19808

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* May 30, 2024        (2) at *(time):* 2:35 pm

   b. [ ] **by substituted service.** On *(date):*             at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*             **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1)  on *(date):*                          (2)  from *(city):*

(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.) (Code Civ. Proc., § 415.30.)*

(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d.  ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

a.  ☐  as an individual defendant.

b.  ☐  as the person sued under the fictitious name of  *(specify):*

c.  ☐  as occupant.

d.  ☑  On behalf of *(specify):*  Empower Brands, LLC

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☑  other: Cal. Corp. Code § 17701.16; limited liability company |

7.  **Person who served papers**

a.  Name:  Regina Bonner

b.  Address:  108 Congressional Drive, C, Greenville, DE 19807

c.  Telephone number:  +1 (215) 980-7916

d.  **The fee** for service was: $ 120

e.  I am:

(1)  ☒  not a registered California process server.

(2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

(3)  ☐  a registered California process server:

(i)  ☐  owner  ☐  employee  ☐  independent contractor.

(ii)  Registration No.:

(iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/3/2024

Regina Bonner
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Regina Bonner*
_____
(SIGNATURE)

| | | |
|---|---|---|
| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **Page 2 of 2** |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br>TELEPHONE NO.: (510) 272-8000        FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased, and JOLENE DOUGHERTY | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/04/2024 11:22 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Arellanes, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | 24STCV11878 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Dougherty |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a. ☒ summons

    b. ☒ complaint

    c. ☒ Alternative Dispute Resolution (ADR) package

    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☒ other *(specify documents):* Minute Order dated 05/23/2024; Civil Case Cover Sheet Addendum and Statement of Location; Complex Civil Case Questionnaire

3.  a. Party served *(specify name of party as shown on documents served):*
    Vivitech Solutions, Inc.

    b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
    Jane Doe (refused name), Office Manager. Race: Hispanic or Latino, Female, est. age 35-44, glasses: No, Brown hair, 140 lbs to 160 lbs, 5' 6" to 5' 9"

4.  Address where the party was served:
    2530 Wilshire Blvd., Third Floor, Santa Monica, CA 90403

5.  I served the party *(check proper box)*

    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* May 31, 2024          (2) at *(time):* 10:19 am

    b. ☐ **by substituted service.** On *(date):*                   at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*           from *(city):*                   **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al. <br> DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER: <br> 24STCV11878 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☑ On behalf of *(specify):* Vivitech Solutions, Inc.

    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                 ☐ other:

7. **Person who served papers**

  a. Name:  Charles  Geurin

  b. Address:  11341 National Blvd, 1078, Los Angeles, CA 90064

  c. Telephone number:  +1 (323) 847-7533

  d. **The fee** for service was: $ 85

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ a registered California process server:

      (i) ☒ owner  ☐ employee  ☐ independent contractor.

      (ii) Registration No.:  Reg#2021102248

      (iii) County:  Los Angeles County, CA

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  6/4/2024

| | |
|---|---|
| Charles  Geurin | *Charles  Geurin* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010 [Rev. January 1, 2007]      **PROOF OF SERVICE OF SUMMONS**      **Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>TELEPHONE NO.: (510) 272-8000    FAX NO. *(Optional):* (510) 463-0291<br>E-MAIL ADDRESS *(Optional):* twalburg@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased, and JOLENE DOUGHERTY | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/04/2024 11:18 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Carini, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br><br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dougherty |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Minute Order dated 05/23/2024

3. a. Party served *(specify name of party as shown on documents served):*
      Heartland Recreational Vehicles, LLC
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Jessie Gastelum, was served, an employee of CT Corporation System, the authorized agent for service of process for Defendant, Heartland Recreational Vehicles, LLC

4. Address where the party was served:
   330 N Brand Blvd., Suite 700, Glendale, CA 91203

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* May 29, 2024        (2) at *(time):* 10:15 am

   b. ☐ **by substituted service.** On *(date):*                at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*               **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

POS-010

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)  on *(date)*:                                  (2)  from *(city)*:

  (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

  (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

  ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☑  On behalf of *(specify):* Heartland Recreational Vehicles, LLC
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: Cal. Corp. Code § 17701.16; limited liability company |

7.  **Person who served papers**

  a.  Name:  Joecelyn Ramos

  b.  Address:  1947 chivers st, San Fernando, CA 91340

  c.  Telephone number:  +1 (818) 356-6146

  d.  **The fee** for service was: $ 85

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☒  a registered California process server:

      (i)  ☒ owner    ☐ employee    ☐ independent contractor.

      (ii)  Registration No.:  2019112771

      (iii)  County:  Los Angeles County

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
      **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  5/31/2024

Joecelyn Ramos                                         *Joecelyn Ramos*
_____            _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

POS-010 [Rev. January 1, 2007]            **PROOF OF SERVICE OF SUMMONS**            **Page 2 of 2**

For your protection and privacy, please press the Clear This Form button after you have printed the form.     | Print this form | Save this form |     | Clear this form |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TODD A. WALBURG<br>Bar #:213063<br>Bailey & Glasser LLP - Oakland, CA<br>1999 Harrison Street, Suite 660, Oakland, CA 94612<br><br>TELEPHONE NO.: (510) 272-8000    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* sbaez@baileyglasser.com<br>ATTORNEY FOR *(Name):* Plaintiffs RANDALL L. DOUGHERTY, SR,, Individually and on Behalf of the Estate of Randall B. Dougherty, Jr. Deceased, and JOLENE DOUGHERTY | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/07/2024 2:40 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Carini, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | 24STCV11878 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dougherty |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [x] Alternative Dispute Resolution (ADR) package

   d. [x] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [x] other *(specify documents):* Minute Order dated 05/23/2024

3. a. Party served *(specify name of party as shown on documents served):*
   Tristar Products, Inc.

   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Jessica Campfield, Paralegal, was served, an employee of Hand Arendall Harrison Sale LLC, the authorized agent for service of process for Defendant, Tristar Products, Inc.

4. Address where the party was served:
   Hand Arendall Harrison Sale LLC, 111 N County Hwy 393, suite 203, Santa Rosa Beach, FL 32459

5. I served the party *(check proper box)*

   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* June 6, 2024    (2) at *(time):* 3:52 pm

   b. [ ] **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: RANDALL L. DOUGHERTY, SR., Individually; et al.<br>DEFENDANT/RESPONDENT: TARGET CORPORATION; et al. | CASE NUMBER:<br>24STCV11878 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                                    (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* Tristar Products, Inc.
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. **Person who served papers**
   a. Name: Lauren Vanpelt
   b. Address: PO Box 304, Defuniak Springs, FL 32435
   c. Telephone number: +1 (850) 463-0254
   d. **The fee** for service was: $ 254
   e. I am:
      (1) ☒ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
          (i) ☐ owner ☐ employee ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 6/7/2024

Lauren Vanpelt
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Lauren Vanpelt*
_____
(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]    [ Save this form ]    [ Clear this form ]

**Manuel S. Boxler (SBN: 316534)**
McCOY LEAVITT LASKEY LLC
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
Telephone: (818) 760-0100
Facsimile: (818) 760-0103
mboxler@mlllaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/25/2024 1:10 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Aguirre, Deputy Clerk

Attorneys for Defendant, **HEARTLAND RECREATIONAL VEHICLES, LLC**

**McCOY LEAVITT LASKEY**
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—COMPLEX

RANDALL L. DOUGHERTY, SR.,
Individually and on Behalf of the Estate of
Randall B. Dougherty, Jr., Deceased; and
JOLENE DOUGHERTY,

        Plaintiffs,

        vs.

TARGET CORPORATION; SPECTRUM
BRANDS, INC.; SPECTRUM HOLDINGS,
INC.; EMPOWER BRANDS, LLC; TRISTAR
PRODUCTS, INC.; VIVITECH
SOLUTIONS,INC.; HEARTLAND
RECREATIONAL VEHICLES, LLC; and
DOES ONE through FIFTY, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 24STCV11878
[Complaint filed: 05/10/2024]

**DEFENDANT HEARTLAND
RECREATIONAL VEHICLES, LLC'S
ANSWER TO PLAINTIFFS' COMPLAINT**

**TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

Defendant, HEARTLAND RECREATIONAL VEHICLES, LLC, answer and allege as follows:

## GENERAL DENIAL

Defendant, HEARTLAND RECREATIONAL VEHICLES, LLC, under the provisions of California Code of Civil Procedure §431.30, denies, generally and specifically, each and every allegation

-1-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

contained in the Complaint and the whole thereof, that Plaintiffs have been damaged in any sum or sums at all as a result of any legal liability of this answering Defendant, and that others for whom this Defendant is not legally liable caused Plaintiffs any and all of the injuries or damages sought in the Complaint.

Defendant by and through its legal counsel also alleges the following affirmative defenses to Plaintiffs' Complaint, and each and every cause of action thereto, on information and belief:

## AFFIRMATIVE DEFENSES

The following are set forth to preserve rights and are based upon counsel's contention as to what may be applicable and are not necessarily based upon the knowledge of the Defendant.

## FIRST AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Failure to State a Claim)

The COMPLAINT fails to state sufficient facts to constitute any cause of action against HEARTLAND RECREATIONAL VEHICLES, LLC.

## SECOND AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Comparative Fault of PLAINTIFFS)

Any and all events, injuries, loss, damage, and expenditures referred to in the COMPLAINT were directly and proximately caused and contributed to by the actions, carelessness, and negligence of PLAINTIFFS, and the extent of damages sustained by PLAINTIFFS if any, should therefore be reduced in proportion to the negligence of PLAINTIFFS in causing said damages.

## THIRD AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Comparative Fault of Codefendants and/or Third-Parties)

Any and all events, injuries, loss, damage and expenditures, if any, referred to in the COMPLAINT were directly and proximately caused and contributed to by the actions, carelessness, and negligence of co-defendants and/or third-persons for whom HEARTLAND RECREATIONAL VEHICLES, LLC is not legally responsible. Therefore, the extent of damages sustained by PLAINTIFFS, if any, must be reduced in proportion to the fault of co-defendants and/or third persons for whom HEARTLAND RECREATIONAL VEHICLES, LLC is not legally responsible.

///

-2-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

**FOURTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(Failure to Mitigate)**

PLAINTIFFS failed to mitigate their damages, if any, alleged in the COMPLAINT; therefore, the relief sought by PLAINTIFFS are barred or should be reduced in proportion to PLAINTIFFS' failure to mitigate.

**FIFTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(Misuse of Product – Unforeseeable Harm)**

PLAINTIFFS' harm, if any, did not result from a use of the recreational vehicle at issue ("SUBJECT RV") that was reasonably foreseeable to HEARTLAND RECREATIONAL VEHICLES, LLC.

**SIXTH AFFIRMATIVE DEFENSE**

**(Misuse of Product)**

PLAINTIFFS were not using the SUBJECT RV in a reasonable manner appropriate to the purpose for which it was intended.

**SEVENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Defect When Product Left HEARTLAND RECREATIONAL VEHICLES, LLC'**

**Possession)**

There was no defect of any nature whatsoever in the SUBJECT RV at the time it left HEARTLAND RECREATIONAL VEHICLES, LLC' possession.

**EIGHTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Proximate Cause)**

The damages, if any, PLAINTIFFS suffered were proximately caused by conduct or action of persons other than HEARTLAND RECREATIONAL VEHICLES, LLC and either prior to or subsequent to any conduct engaged in by HEARTLAND RECREATIONAL VEHICLES, LLC, thereby alleviating any legal liability of HEARTLAND RECREATIONAL VEHICLES, LLC for any of the damages sought proximately caused by said others.

///

///

-3-

**McCOY LEAVITT LASKEY**
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

## NINTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Alteration of Product)

The SUBJECT RV was, after delivery and/or sale, substantially modified, altered, changed, or improperly used so as to materially affect its characteristics such that HEARTLAND RECREATIONAL VEHICLES, LLC is not responsible for the alleged defective nature of the SUBJECT RV that allegedly caused damages, if any.

## TENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Spoliation)

The evidence in this matter has been spoiled, damaged, not preserved, and/or disturbed while in the custody, control, or possession of PLAINTIFFS, co-defendants, and/or other third-parties and no longer accurately represents the evidence as it was at the time the incident took place.

## ELEVENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Doe Defendants)

HEARTLAND RECREATIONAL VEHICLES, LLC is not legally responsible for the acts and/or omissions of the additional Doe defendant(s) named in the COMPLAINT.

## TWELFTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (No *Res Ipsa Loquitur*)

Because the actions of PLAINTIFFS, co-defendants, or third parties could have caused PLAINTIFFS' damages, if any, there can be no *res ipsa loquitur* inference of negligence as to HEARTLAND RECREATIONAL VEHICLES, LLC.

## THIRTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Compliance with Applicable Codes)

The SUBJECT RV complied with all applicable national, state, local, and industry codes at the time it was manufactured, and the alleged damages, if any, were a result of a failure to follow said codes during the use or maintenance of the SUBJECT RV.

## FOURTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Standard of Care)

PLAINTIFFS are barred and precluded from any recovery in this action because

-4-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

HEARTLAND RECREATIONAL VEHICLES, LLC at all times, complied with the applicable standard(s) of care, at the relevant time and location related to the SUBJECT RV.

## FIFTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Speculative Damages)

PLAINTIFFS' damages, if any, are speculative and, therefore, PLAINTIFFS are not entitled to recover them.

## SIXTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (No Recovery of Economic Damages Not Incurred)

PLAINTIFFS are not entitled to recover for economic damages, if any, that were not actually incurred.

## SEVENTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Learned Intermediary, Informed Intermediary, and/or Sophisticated User Doctrine)

PLAINTIFFS' claims against HEARTLAND RECREATIONAL VEHICLES, LLC may be barred, in whole or in part, by the learned-intermediary, informed-intermediary, and/or sophisticated-user doctrines.

## EIGHTEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Intervening and Superseding Cause)

The acts of co-defendants and/or third parties, over whom HEARTLAND RECREATIONAL VEHICLES, LLC is not legally responsible, were intervening and superseding causes of PLAINTIFFS' damages, if any, thus barring PLAINTIFFS from any recovery against HEARTLAND RECREATIONAL VEHICLES, LLC.

## NINETEENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Unclean Hands)

The COMPLAINT, and each cause of action thereof, is barred by virtue of PLAINTIFFS' conduct in causing the damages alleged by PLAINTIFFS in their COMPLAINT under the doctrine of unclean hands.

///

///

-5-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

## TWENTIETH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Estoppel)

PLAINTIFFS, co-defendants, and/or third parties engaged in conduct and activities with respect to the activities that are the subject of the COMPLAINT and, by reason of said activities, PLAINTIFFS are estopped from asserting any claim for damages or seeking any other relief against HEARTLAND RECREATIONAL VEHICLES, LLC.

## TWENTY-FIRST AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Waiver)

PLAINTIFFS engaged in conduct and activities sufficient to constitute a waiver of any alleged negligence, or any other conduct, if any, as set forth in the COMPLAINT.

## TWENTY-SECOND AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Voluntary Acts)

PLAINTIFFS may have taken certain voluntary acts or actions that limit or preclude HEARTLAND RECREATIONAL VEHICLES, LLC' liability to PLAINTIFFS in this matter.

## TWENTY-THIRD AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (No Liability for Non-Economic Damages)

In the event a judgment is rendered against HEARTLAND RECREATIONAL VEHICLES, LLC and in favor of PLAINTIFFS, HEARTLAND RECREATIONAL VEHICLES, LLC can only be held responsible, if at all, for that portion of the "non-economic" damages for which it is found liable by jury or judicial determination in direct proportion to HEARTLAND RECREATIONAL VEHICLES, LLC' percentage of fault, pursuant to Civil Code Section 1431.2, as the rule of joint and several liability does not apply under the circumstances of this case.

## TWENTY-FOURTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

### (Contribution)

The damages suffered by PLAINTIFFS, if any, were the direct and proximate result of the negligence of parties, persons, corporations, and/or entities other than HEARTLAND RECREATIONAL VEHICLES, LLC, and that the liability of HEARTLAND RECREATIONAL

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

VEHICLES, LLC, if any, is limited in direct proportion to the percentage of fault actually attributable to HEARTLAND RECREATIONAL VEHICLES, LLC.

### TWENTY-FIFTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

#### (Laches)

PLAINTIFFS waited an unreasonable period of time before asserting their claims, if any, against HEARTLAND RECREATIONAL VEHICLES, LLC and are barred from asserting such claims under the doctrine of laches.

### TWENTY-SIXTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

#### (Costs)

The COMPLAINT was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the laws which warranted the filing of the complaint against HEARTLAND RECREATIONAL VEHICLES, LLC. PLAINTIFFS should, therefore, be responsible for all of HEARTLAND RECREATIONAL VEHICLES, LLC' necessary and reasonable defense costs, as more particularly set forth in Code of Civil Procedure Sections 128.5, 128.7, and 1038.

### TWENTY-SEVENTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

#### (Attorney's Fees Not Recoverable)

PLAINTIFFS have failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be granted.

### TWENTY-EIGHTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

#### (State of the Art)

The SUBJECT RV was state of the art at the time it was manufactured and not defective in any legally actionable manner.

### TWENTY-NINETH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE

#### (Disclaimer)

HEARTLAND RECREATIONAL VEHICLES, LLC disclaimed all warranties with respect to the SUBJECT RV, if any.

///

-7-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

**THIRTIETH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(Assumption of the Risk)**

PLAINTIFFS knew about the alleged risks with the SUBJECT RV and voluntarily undertook those risks with their use of the SUBJECT RV that led to their injuries.

**THIRTY-FIRST AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Violation of Laws)**

HEARTLAND RECREATIONAL VEHICLES, LLC did not violate any laws in the manufacture, design, sale, and/or marketing of the SUBJECT RV.

**THIRTY-SECOND AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Liability to Businesses Under California Civil Code Sections 1750, *et seq.*)**

HEARTLAND RECREATIONAL VEHICLES, LLC cannot be liable to PLAINTIFFS under California Civil Code Sections 1750, *et seq.*, because it is not a consumer within the ambit of the statute.

**THIRTY-THIRD AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Liability Under California Business and Professions Code Sections 17200, *et seq.*)**

HEARTLAND RECREATIONAL VEHICLES, LLC did not engage in any unlawful, unfair, or fraudulent business acts or practices within the ambit of California Business and Professions Code Sections 17200, *et seq.*

**THIRTY-FOURTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(No Liability for Statements)**

HEARTLAND RECREATIONAL VEHICLES, LLC did not knowingly make any false, deceptive, or misleading oral or written statements. Any statements PLAINTIFFS allege support the imposition of liability on HEARTLAND RECREATIONAL VEHICLES, LLC were either true, statements of opinion rather than fact, or were mere puffery.

**THIRTY-FIFTH AFFIRMATIVE AND/OR ADDITIONAL DEFENSE**

**(Reservation)**

HEARTLAND RECREATIONAL VEHICLES, LLC presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

-8-

defenses available. HEARTLAND RECREATIONAL VEHICLES, LLC reserves herein the right to assert additional defenses in the event that the discovery indicates that they would be appropriate.

**WHEREFORE**, HEARTLAND RECREATIONAL VEHICLES, LLC prays:

1. PLAINTIFFS take nothing by their COMPLAINT;

2. HEARTLAND RECREATIONAL VEHICLES, LLC be awarded costs of suit incurred and attorneys' fees herein;

3. If liability is assessed upon HEARTLAND RECREATIONAL VEHICLES, LLC, the liability attributed to HEARTLAND RECREATIONAL VEHICLES, LLC be limited to direct proportion to the percentage of fault actually attributable to HEARTLAND RECREATIONAL VEHICLES, LLC; and,

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**MCCOY LEAVITT LASKEY**

DATED: June 25, 2024                    BY:    _____

MANUEL S. BOXLER, ESQ.
Attorney for Defendant and Cross-Complainant, HEARTLAND
RECREATIONAL VEHICLES, LLC

McCOY LEAVITT LASKEY
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

-9-

DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

**McCOY LEAVITT LASKEY LLC**
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
(818) 760-0100

## PROOF OF SERVICE BY ELECTRONIC MAIL ONLY

(Pursuant to C.C.P. § 1010.6 and Cal. Rules of Court, rule 2.251)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 25101 The Old Road, Ste. 222, Stevenson Ranch, CA 91381.

On June 25, 2024, I served the foregoing document described as **DEFENDANT HEARTLAND RECREATIONAL VEHICLES, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** on all interested parties in this action.

[ X ] **BY ELECTRONIC SERVICE** As follows: On the above-mentioned date, from Stevenson Ranch, California, I caused to be e-serve each such document to be transmitted electronically to the party(ies) at the e-mail address(es) indicated below. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

*See Attached Proof of Service List*

Executed on June 25, 2024, at Stevenson Ranch, California.

[ X ] (State)   I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.

[   ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  Anna Barnato                                          
Type or Print Name                            Signature

-1-

Proof of Service

| Todd A. Walburg, Esq. Scott B. Baez, Esq. BAILEY & GLASSER LLP 1999 Harrison Street, Suite 660 Oakland, CA 94612 Telephone: (510) 272-8000 Facsimile: (510) 463-0291 twalburg@baileyglasser.com sbaez@baileyglasser.com | *Attorneys for Plaintiffs* *RANDALL L. DOUGHERTY, SR.,* *Individually and on Behalf of the* *Estate of Randall B. Dougherty, Jr.,* *Deceased, and JOLENE DOUGHERTY* |

McCOY LEAVITT LASKEY LLC
25101 The Old Road, Ste. 222
Stevenson Ranch, CA  91381
(818) 760-0100

-2-

Proof of Service

Eileen Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
Michelle Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2024 1:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM BRANDS
HOLDINGS, INC., EMPOWER BRANDS, LLC,
TRISTAR PRODUCTS, INC., and TARGET
CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive, <br><br> Defendants. | Case No.:  24STCV11878 <br><br> Assigned to Hon. David S. Cunningham Department 11 <br><br> **DEFENDANT SPECTRUM BRANDS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br> Complaint Filed:    May 10, 2024 <br> Trial Date:            None set |

ANSWER OF DEFENDANT SPECTRUM BRANDS, INC.'S TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT, PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Spectrum Brands, Inc. (hereinafter "Spectrum Brands"), to answer the Complaint on file herein, of Plaintiffs Randall L. Dougherty, Sr., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased and Jolene Dougherty (hereinafter "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Spectrum Brands denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further denies that Plaintiffs have suffered damages in the sum alleged, or any other sum or sums, or at all by reason of any negligent act, omission to act, fault, conduct, or liability on the part of Spectrum Brands, or any other conduct on the part of Spectrum Brands or any of its agents or employees. Spectrum Brands further denies that it was in any way negligent, careless, reckless, malicious, oppressive, wanton or unlawful, in any manner vis-a-vis the incident that allegedly gives rise to this lawsuit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault or Negligence)

2. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief alleges, that Plaintiffs were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate

cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if Spectrum Brands is found to have been negligent, and if Plaintiffs are entitled to recover damages against Spectrum Brands by virtue of the Complaint, then Spectrum Brands prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Fault or Negligence of Third Parties)

3.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiffs, and each of the persons and entities they purport to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if Spectrum Brands is found to be at fault, and if Plaintiffs are entitled to recover damages against Spectrum Brands by virtue of the Complaint, then Spectrum Brands prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

## FOURTH AFFIRMATIVE DEFENSE

### (Misuse and/or Abuse)

4.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that at the time referred to in said Complaint, and prior thereto, the product or products referred to in said Complaint were misused and used in an improper and unforeseeable manner by Plaintiffs and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Complaint and the injuries and damages complained of, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

### (Modification of the Product)

5.    As and for a further separate affirmative defense to the Complaint on file herein

---

ANSWER OF DEFENDANT SPECTRUM BRANDS, INC. TO PLAINTIFFS' COMPLAINT

3

and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief alleges that the Plaintiffs and/or other persons or entities modified the subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Product Authenticity in Dispute)

6.    Spectrum Brands disputes the authenticity of the product at issue that is the alleged source of the Plaintiffs' alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief allege that Plaintiffs, by their actions and conduct, have waived any claims for damages as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief alleges that Plaintiffs, by their actions and conduct, are estopped from asserting the relief sought in this action.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiffs, and each of the persons and entities they purport to represent, were proximately caused by the failure of Plaintiffs to use reasonable means to prevent aggravation of Plaintiffs' damages and to use reasonable means to mitigate such damages.

## TENTH AFFIRMATIVE DEFENSE

### (Joint Tortfeasors – Contribution)

10.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that if it should be found that Spectrum Brands is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiffs, and each of the persons and entities she purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then Spectrum Brands alleges that other persons, companies, or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other persons, companies, or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Spectrum Brands be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiffs, but also as to the total of that degree of negligence or fault found to exist as to said other persons, companies or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

11.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that the lack of privity between Plaintiffs, and each of the persons and entities they purport to represent, and Spectrum Brands, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged breach of warranty.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Defect in Product)

12.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that no defect existed in the subject product that Plaintiffs allege caused the injury.

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13.     As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that Plaintiffs' Complaint is uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

14.     As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Brands alleges that Plaintiffs, and each of the persons and entities she purports to represent, were negligent and careless in and about the events set forth in the Complaint, which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intentional Acts/Omissions)

15.     As and for a further separate and affirmative defense to the Complaint on file herein and each cause of action thereof, Spectrum Brands alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiffs herein as a result of the intentional acts or omissions of others including Plaintiffs, and each of the persons and entities they purport to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

16.     Plaintiffs and each of the persons and entities they purport to represent failed to give notice of any alleged breach of warranty, whether express or implied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Warranties)

17.     Spectrum Brands denies that it made any express or implied warranties.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Implied Warranties and Limitation of Remedies)

18.    To the extent that the law would ordinarily impose upon Spectrum Brands any implied warranties in connection with the sale of the subject product, including but not limited to the implied warranty of merchantability as alleged in the Complaint – which is denied but stated solely for purposes of this affirmative defense – then Spectrum Brands fully and effectively disclaimed such implied warranties by issuing a conspicuous and enforceable disclaimer of implied warranties.  Any such disclaimer also effectively limited Plaintiffs' available remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

19.    Plaintiffs and each of the persons and entities she purports to represent did not rely on any alleged warranties, whether express or implied.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Amend Answer)

20.    Spectrum Brands specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum Brands prays that:

1.    Judgment be entered against Plaintiffs and in favor of Spectrum Brands;

2.    Plaintiffs take nothing by this action;

3.    Spectrum Brands be awarded costs, including reasonable attorneys' fees, of suit; and

4.    Spectrum Brands be awarded such other relief as this Court may deem just and proper.

/ / /

Dated:  June 26, 2024                              WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant Spectrum Brands, Inc. hereby demands a jury trial in this action.

Dated:  June 26, 2024                              WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

## PROOF OF SERVICE

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DEFENDANT SPECTRUM BRANDS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Todd A. Walburg, Esq.<br>Scott B. Baez, Esq.<br>BAILEY & GLASSER LLP<br>1999 Harrison Street, Suite 660<br>Oakland, CA 94612<br>Telephone: (510) 272-8000<br>Facsimile: (510) 463-0291<br>Email: twalburg @baileyglasser.com<br>     sbaez@baileyglasser.com | *Attorneys for Plaintiffs*<br>*RANDALL DOUGHERTY, SR.,*<br>*INDIVIDUALLY AND ON BEHALF*<br>*OF THE ESTATE OF RANDALL B.*<br>*DOUGHERTY, JR., DECEASED;*<br>*AND JOLENE DOUGHERTY* |
| Manuel S. Boxler, Esq.<br>McCOY LEAVITT LASKEY LLC<br>25101 The Old Road, Suite 222<br>Stevenson Ranch, CA 91381<br>Telephone: (818) 760-0100<br>Facsimile: (818) 760-0103<br>Email: mboxler@mlllaw.com | *Attorneys for Defendant*<br>*HEARTLAND RECREATIONAL*<br>*VEHICLES, LLC* |

☒    **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 26, 2024**, at Los Angeles, California.

Lily Tom
_____
(Type or Print Name)

_____
Signature

PROOF OF SERVICE

Eileen Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
Michelle Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM BRANDS
HOLDINGS, INC., EMPOWER BRANDS, LLC,
TRISTAR PRODUCTS, INC., and TARGET
CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2024 1:04 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Arellanes, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY,<br><br>            Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive,<br><br>            Defendants. | Case No.:  24STCV11878<br><br>Assigned to Hon. David S. Cunningham Department 11<br><br>**DEFENDANT SPECTRUM BRANDS HOLDINGS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:      May 10, 2024<br>Trial Date:             None set |

ANSWER OF DEFENDANT SPECTRUM BRANDS HOLDINGS TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT, PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Spectrum Brands Holdings, Inc.[1] (hereinafter "Spectrum Holdings"), to answer the Complaint on file herein, of Plaintiffs Randall L. Dougherty, Sr., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased and Jolene Dougherty (hereinafter "Plaintiffs") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Spectrum Holdings denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further denies that Plaintiffs have suffered damages in the sum alleged, or any other sum or sums, or at all by reason of any negligent act, omission to act, fault, conduct, or liability on the part of Spectrum Holdings, or any other conduct on the part of Spectrum Holdings or any of its agents or employees. Spectrum Holdings further denies that it was in any way negligent, careless, reckless, malicious, oppressive, wanton or unlawful, in any manner vis-a-vis the incident that allegedly gives rise to this lawsuit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Comparative Fault or Negligence)

2. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on

---

[1] Plaintiffs improperly name "Spectrum Holdings, Inc."

ANSWER OF DEFENDANT SPECTRUM BRANDS HOLDINGS TO PLAINTIFFS' COMPLAINT

2

such information and belief alleges, that Plaintiffs were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if Spectrum Holdings is found to have been negligent, and if Plaintiffs are entitled to recover damages against Spectrum Holdings by virtue of the Complaint, then Spectrum Holdings prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Fault or Negligence of Third Parties)

3.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiffs, and each of the persons and entities they purport to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if Spectrum Holdings is found to be at fault, and if Plaintiffs are entitled to recover damages against Spectrum Holdings by virtue of the Complaint, then Spectrum Holdings prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

## FOURTH AFFIRMATIVE DEFENSE

### (Misuse and/or Abuse)

4.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that at the time referred to in said Complaint, and prior thereto, the product or products referred to in said Complaint were misused and used in an improper and unforeseeable manner by Plaintiffs and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Complaint and the injuries and damages complained of, if any there were.

ANSWER OF DEFENDANT SPECTRUM BRANDS HOLDINGS TO PLAINTIFFS' COMPLAINT

3

**FIFTH AFFIRMATIVE DEFENSE**

**(Modification of the Product)**

5.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on such information and belief alleges that the Plaintiffs and/or other persons or entities modified the subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

**(Product Authenticity in Dispute)**

6.    Spectrum Holdings disputes the authenticity of the product at issue that is the alleged source of the Plaintiffs' alleged injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

7.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on such information and belief allege that Plaintiffs, by their actions and conduct, have waived any claims for damages as alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

8.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on such information and belief alleges that Plaintiffs, by their actions and conduct, are estopped from asserting the relief sought in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

9.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiffs, and each

of the persons and entities they purport to represent, were proximately caused by the failure of Plaintiffs to use reasonable means to prevent aggravation of Plaintiffs' damages and to use reasonable means to mitigate such damages.

## TENTH AFFIRMATIVE DEFENSE

### (Joint Tortfeasors – Contribution)

10.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that if it should be found that Spectrum Holdings is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiffs, and each of the persons and entities she purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then Spectrum Holdings alleges that other persons, companies, or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other persons, companies, or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Spectrum Holdings be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiffs, but also as to the total of that degree of negligence or fault found to exist as to said other persons, companies or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

11.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that the lack of privity between Plaintiffs, and each of the persons and entities they purport to represent, and Spectrum Holdings, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged breach of warranty.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Defect in Product)

12.    As and for a further separate affirmative defense to the Complaint on file herein

and each and every cause of action thereof, Spectrum Holdings alleges that no defect existed in the subject product that Plaintiffs allege caused the injury.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

13. As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that Plaintiffs' Complaint is uncertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

14. As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Spectrum Holdings alleges that Plaintiffs, and each of the persons and entities she purports to represent, were negligent and careless in and about the events set forth in the Complaint, which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intentional Acts/Omissions)

15. As and for a further separate and affirmative defense to the Complaint on file herein and each cause of action thereof, Spectrum Holdings alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiffs herein as a result of the intentional acts or omissions of others including Plaintiffs, and each of the persons and entities they purport to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

16. Plaintiffs and each of the persons and entities they purport to represent failed to give notice of any alleged breach of warranty, whether express or implied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Warranties)

17. Spectrum Holdings denies that it made any express or implied warranties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Implied Warranties and Limitation of Remedies)

18.    To the extent that the law would ordinarily impose upon Spectrum Holdings any implied warranties in connection with the sale of the subject product, including but not limited to the implied warranty of merchantability as alleged in the Complaint – which is denied but stated solely for purposes of this affirmative defense – then Spectrum Holdings fully and effectively disclaimed such implied warranties by issuing a conspicuous and enforceable disclaimer of implied warranties.  Any such disclaimer also effectively limited Plaintiffs' available remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

19.    Plaintiffs and each of the persons and entities she purports to represent did not rely on any alleged warranties, whether express or implied.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Amend Answer)

20.    Spectrum Holdings specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Spectrum Holdings prays that:

1.    Judgment be entered against Plaintiffs and in favor of Spectrum Holdings;

2.    Plaintiffs take nothing by this action;

3.    Spectrum Holdings be awarded costs, including reasonable attorneys' fees, of suit; and

4.    Spectrum Holdings be awarded such other relief as this Court may deem just and proper.

/ / /

---

ANSWER OF DEFENDANT SPECTRUM BRANDS HOLDINGS TO PLAINTIFFS' COMPLAINT

7

Dated:  June 26, 2024                    WILLENKEN LLP

By:_____
                                          Eileen Ahern
                                          Attorneys for Defendants
                                          SPECTRUM BRANDS, INC., SPECTRUM
                                          BRANDS HOLDINGS, INC., EMPOWER
                                          BRANDS, LLC, TRISTAR PRODUCTS,
                                          INC., and TARGET CORPORATION

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant Spectrum Brands Holdings, Inc. hereby demands a jury trial in this action.

Dated:  June 26, 2024                    WILLENKEN LLP

By:_____
                                          Eileen Ahern
                                          Attorneys for Defendants
                                          SPECTRUM BRANDS, INC., SPECTRUM
                                          BRANDS HOLDINGS, INC., EMPOWER
                                          BRANDS, LLC, TRISTAR PRODUCTS,
                                          INC., and TARGET CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DEFENDANT SPECTRUM BRANDS HOLDINGS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

Todd A. Walburg, Esq.            *r        r*
Scott B. Bae, Esq.
BAILEY    GLASSER LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291
Email: twalburg@baileyglasser.com
      sbae@baileyglasser.com


Manuel S. Boxler, Esq.           *r      r       d*
McCOY LEAVITT LASKEY LLC
25101 The Old Road, Suite 222
Stevenson Ranch, CA 91381
Telephone: (818) 760-0100
Facsimile: (818) 760-0103
Email: mboxler@mlllaw.com


☒    **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed on **June 26, 2024**, at Los Angeles, California.

Lily Tom
_____
(Type or Print Name)                    Signature

PROOF OF SERVICE

Eileen Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
Michelle Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2024 1:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM BRANDS
HOLDINGS, INC., EMPOWER BRANDS, LLC,
TRISTAR PRODUCTS, INC., and TARGET
CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive, <br><br> Defendants. | Case No.:  24STCV11878 <br><br> Assigned to Hon. David S. Cunningham Department 11 <br><br> **DEFENDANT EMPOWER BRANDS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br> Complaint Filed:    May 10, 2024 <br> Trial Date:          None set |

ANSWER OF DEFENDANT EMPOWER BRANDS, LLC TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT, PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Empower Brands, LLC (hereinafter "Empower Brands"), to answer the Complaint on file herein, of Plaintiffs Randall L. Dougherty, Sr., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased and Jolene Dougherty (hereinafter "Plaintiffs") as follows:

<u>**GENERAL DENIAL**</u>

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Empower Brands denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further denies that Plaintiffs have suffered damages in the sum alleged, or any other sum or sums, or at all by reason of any negligent act, omission to act, fault, conduct, or liability on the part of Empower Brands, or any other conduct on the part of Empower Brands or any of its agents or employees. Empower Brands further denies that it was in any way negligent, careless, reckless, malicious, oppressive, wanton or unlawful, in any manner vis-a-vis the incident that allegedly gives rise to this lawsuit.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault or Negligence)**

2. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief alleges, that Plaintiffs were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate

cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if Empower Brands is found to have been negligent, and if Plaintiffs are entitled to recover damages against Empower Brands by virtue of the Complaint, then Empower Brands prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

### (Fault or Negligence of Third Parties)

3.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiffs, and each of the persons and entities they purport to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if Empower Brands is found to be at fault, and if Plaintiffs are entitled to recover damages against Empower Brands by virtue of the Complaint, then Empower Brands prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

## FOURTH AFFIRMATIVE DEFENSE

### (Misuse and/or Abuse)

4.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that at the time referred to in said Complaint, and prior thereto, the product or products referred to in said Complaint were misused and used in an improper and unforeseeable manner by Plaintiffs and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Complaint and the injuries and damages complained of, if any there were.

## FIFTH AFFIRMATIVE DEFENSE

### (Modification of the Product)

5.      As and for a further separate affirmative defense to the Complaint on file herein

---

ANSWER OF DEFENDANT EMPOWER BRANDS, LLC TO PLAINTIFFS' COMPLAINT

3

and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief alleges that the Plaintiffs and/or other persons or entities modified the subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

**(Product Authenticity in Dispute)**

6. Empower Brands disputes the authenticity of the product at issue that is the alleged source of the Plaintiffs' alleged injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

7. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief allege that Plaintiffs, by their actions and conduct, have waived any claims for damages as alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

8. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief alleges that Plaintiffs, by their actions and conduct, are estopped from asserting the relief sought in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

9. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiffs, and each of the persons and entities they purport to represent, were proximately caused by the failure of Plaintiffs to use reasonable means to prevent aggravation of Plaintiffs' damages and to use reasonable means to mitigate such damages.

## TENTH AFFIRMATIVE DEFENSE

### (Joint Tortfeasors – Contribution)

10.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that if it should be found that Empower Brands is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiffs, and each of the persons and entities she purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then Empower Brands alleges that other persons, companies, or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other persons, companies, or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Empower Brands be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiffs, but also as to the total of that degree of negligence or fault found to exist as to said other persons, companies or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

11.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that the lack of privity between Plaintiffs, and each of the persons and entities they purport to represent, and Empower Brands, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged breach of warranty.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Defect in Product)

12.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that no defect existed in the subject product that Plaintiffs allege caused the injury.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

13.    As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that Plaintiffs' Complaint is uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

14.    As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Empower Brands alleges that Plaintiffs, and each of the persons and entities she purports to represent, were negligent and careless in and about the events set forth in the Complaint, which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intentional Acts/Omissions)**

15.    As and for a further separate and affirmative defense to the Complaint on file herein and each cause of action thereof, Empower Brands alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiffs herein as a result of the intentional acts or omissions of others including Plaintiffs, and each of the persons and entities they purport to represent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Notice of Breach of Warranty)**

16.    Plaintiffs and each of the persons and entities they purport to represent failed to give notice of any alleged breach of warranty, whether express or implied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Warranties)**

17.    Empower Brands denies that it made any express or implied warranties.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Implied Warranties and Limitation of Remedies)

18.   To the extent that the law would ordinarily impose upon Empower Brands any implied warranties in connection with the sale of the subject product, including but not limited to the implied warranty of merchantability as alleged in the Complaint – which is denied but stated solely for purposes of this affirmative defense – then Empower Brands fully and effectively disclaimed such implied warranties by issuing a conspicuous and enforceable disclaimer of implied warranties.  Any such disclaimer also effectively limited Plaintiffs' available remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

19.   Plaintiffs and each of the persons and entities she purports to represent did not rely on any alleged warranties, whether express or implied.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Amend Answer)

20.   Empower Brands specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Empower Brands prays that:

1.   Judgment be entered against Plaintiffs and in favor of Empower Brands;

2.   Plaintiffs take nothing by this action;

3.   Empower Brands be awarded costs, including reasonable attorneys' fees, of suit; and

4.   Empower Brands be awarded such other relief as this Court may deem just and proper.

/ / /

Dated:  June 26, 2024                    WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant Empower Brands, LLC hereby demands a jury trial in this action.

Dated:  June 26, 2024                    WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DEFENDANT EMPOWER BRANDS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

Todd A. Walburg, Esq.
Scott B. Bae, Esq.
BAILEY GLASSER LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291
Email: twalburg@baileyglasser.com
      sbae@baileyglasser.com

Manuel S. Boxler, Esq.
McCOY LEAVITT LASKEY LLC
25101 The Old Road, Suite 222
Stevenson Ranch, CA 91381
Telephone: (818) 760-0100
Facsimile: (818) 760-0103
Email: mboxler@mlllaw.com

☒ **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 26, 2024**, at Los Angeles, California.

Lily Tom
(Type or Print Name)                    Signature

Eileen Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
Michelle Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM BRANDS
HOLDINGS, INC., EMPOWER BRANDS, LLC,
TRISTAR PRODUCTS, INC., and TARGET
CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2024 1:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No.:  24STCV11878<br><br>Assigned to Hon. David S. Cunningham Department 11<br><br>**DEFENDANT TRISTAR PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>Complaint Filed:     May 10, 2024<br>Trial Date:             None set |

ANSWER OF DEFENDANT TRISTAR PRODUCTS, INC.'S TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT, PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Tristar Products, Inc. (hereinafter "Tristar Products"), to answer the Complaint on file herein, of Plaintiffs Randall L. Dougherty, Sr., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased and Jolene Dougherty (hereinafter "Plaintiffs") as follows:

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Tristar Products denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further denies that Plaintiffs have suffered damages in the sum alleged, or any other sum or sums, or at all by reason of any negligent act, omission to act, fault, conduct, or liability on the part of Tristar Products, or any other conduct on the part of Tristar Products or any of its agents or employees. Tristar Products further denies that it was in any way negligent, careless, reckless, malicious, oppressive, wanton or unlawful, in any manner vis-a-vis the incident that allegedly gives rise to this lawsuit.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Comparative Fault or Negligence)**

2.      As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on such information and belief alleges, that Plaintiffs were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate

cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if Tristar Products is found to have been negligent, and if Plaintiffs are entitled to recover damages against Tristar Products by virtue of the Complaint, then Tristar Products prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

### (Fault or Negligence of Third Parties)

3.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiffs, and each of the persons and entities they purport to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if Tristar Products is found to be at fault, and if Plaintiffs are entitled to recover damages against Tristar Products by virtue of the Complaint, then Tristar Products prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

### FOURTH AFFIRMATIVE DEFENSE

### (Misuse and/or Abuse)

4.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that at the time referred to in said Complaint, and prior thereto, the product or products referred to in said Complaint were misused and used in an improper and unforeseeable manner by Plaintiffs and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Complaint and the injuries and damages complained of, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

### (Modification of the Product)

5.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on

such information and belief alleges that the Plaintiffs and/or other persons or entities modified the subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Product Authenticity in Dispute)

6.    Tristar Products disputes the authenticity of the product at issue that is the alleged source of the Plaintiffs' alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on such information and belief allege that Plaintiffs, by their actions and conduct, have waived any claims for damages as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on such information and belief alleges that Plaintiffs, by their actions and conduct, are estopped from asserting the relief sought in this action.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiffs, and each of the persons and entities they purport to represent, were proximately caused by the failure of Plaintiffs to use reasonable means to prevent aggravation of Plaintiffs' damages and to use reasonable means to mitigate such damages.

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Joint Tortfeasors – Contribution)

10.   As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that if it should be found that Tristar Products is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiffs, and each of the persons and entities she purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then Tristar Products alleges that other persons, companies, or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other persons, companies, or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Tristar Products be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiffs, but also as to the total of that degree of negligence or fault found to exist as to said other persons, companies or entities.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

11.   As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that the lack of privity between Plaintiffs, and each of the persons and entities they purport to represent, and Tristar Products, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged breach of warranty.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Defect in Product)

12.   As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that no defect existed in the subject product that Plaintiffs allege caused the injury.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

13.     As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that Plaintiffs' Complaint is uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

14.     As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Tristar Products alleges that Plaintiffs, and each of the persons and entities she purports to represent, were negligent and careless in and about the events set forth in the Complaint, which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intentional Acts/Omissions)**

15.     As and for a further separate and affirmative defense to the Complaint on file herein and each cause of action thereof, Tristar Products alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiffs herein as a result of the intentional acts or omissions of others including Plaintiffs, and each of the persons and entities they purport to represent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Notice of Breach of Warranty)**

16.     Plaintiffs and each of the persons and entities they purport to represent failed to give notice of any alleged breach of warranty, whether express or implied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Warranties)**

17.     Tristar Products denies that it made any express or implied warranties.

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Disclaimer of Implied Warranties and Limitation of Remedies)**

18.     To the extent that the law would ordinarily impose upon Tristar Products any implied warranties in connection with the sale of the subject product, including but not limited to the implied warranty of merchantability as alleged in the Complaint – which is denied but stated solely for purposes of this affirmative defense – then Tristar Products fully and effectively disclaimed such implied warranties by issuing a conspicuous and enforceable disclaimer of implied warranties.  Any such disclaimer also effectively limited Plaintiffs' available remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Reliance on Warranties)**

19.     Plaintiffs and each of the persons and entities she purports to represent did not rely on any alleged warranties, whether express or implied.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Reservation of Rights to Amend Answer)**

20.     Tristar Products specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Tristar Products prays that:

1.     Judgment be entered against Plaintiffs and in favor of Tristar Products;

2.     Plaintiffs take nothing by this action;

3.     Tristar Products be awarded costs, including reasonable attorneys' fees, of suit; and

4.     Tristar Products be awarded such other relief as this Court may deem just and proper.

/ / /

Dated:  June 26, 2024                           WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant Tristar Products, Inc. hereby demands a jury trial in this action.

Dated:  June 26, 2024                           WILLENKEN LLP

By: _____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DEFENDANT TRISTAR PRODUCTS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** on each of the interested parties in this action.

⊠ By placing ☐ the original ⊠ true copies thereof enclosed in sealed envelopes addressed as follows:

Todd A. Walburg, Esq.                          *Attorneys for Plaintiffs*
Scott B. Baez, Esq.                            *RANDALL DOUGHERTY, SR.,*
BAILEY & GLASSER LLP                           *INDIVIDUALLY AND ON BEHALF*
1999 Harrison Street, Suite 660                *OF THE ESTATE OF RANDALL B.*
Oakland, CA 94612                              *DOUGHERTY, JR., DECEASED;*
Telephone: (510) 272-8000                      *AND JOLENE DOUGHERTY*
Facsimile: (510) 463-0291
Email: twalburg @baileyglasser.com
         sbaez@baileyglasser.com


Manuel S. Boxler, Esq.                         *Attorneys for Defendant*
McCOY LEAVITT LASKEY LLC                        *HEARTLAND RECREATIONAL*
25101 The Old Road, Suite 222                  *VEHICLES, LLC*
Stevenson Ranch, CA 91381
Telephone: (818) 760-0100
Facsimile: (818) 760-0103
Email: mboxler@mlllaw.com

⊠    **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

⊠    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 26, 2024**, at Los Angeles, California.

Lily Tom
_____
(Type or Print Name)                           Signature

PROOF OF SERVICE



Eileen Ahern (Bar No. 216822)
eahern@willenken.com
Mayra de Aguiar (Bar No. 212709)
mdeaguiar@willenken.com
Michelle Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM BRANDS
HOLDINGS, INC., EMPOWER BRANDS, LLC,
TRISTAR PRODUCTS, INC., and TARGET
CORPORATION

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/26/2024 1:15 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Arellanes, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No.:  24STCV11878<br><br>Assigned to Hon. David S. Cunningham Department 11<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed:   May 10, 2024<br>Trial Date:          None set |

ANSWER OF DEFENDANT TARGET CORPORATION TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE COURT, PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD HEREIN:

COMES NOW Defendant Target Corporation (hereinafter "Target"), to answer the Complaint on file herein, of Plaintiffs Randall L. Dougherty, Sr., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased and Jolene Dougherty (hereinafter "Plaintiffs") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the Code of Civil Procedure, Target denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof, and further denies that Plaintiffs have suffered damages in the sum alleged, or any other sum or sums, or at all by reason of any negligent act, omission to act, fault, conduct, or liability on the part of Target, or any other conduct on the part of Target or any of its agents or employees. Target further denies that it was in any way negligent, careless, reckless, malicious, oppressive, wanton or unlawful, in any manner vis-a-vis the incident that allegedly gives rise to this lawsuit.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault or Negligence)

2. As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief alleges, that Plaintiffs were negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if

Target is found to have been negligent, and if Plaintiffs are entitled to recover damages against Target by virtue of the Complaint, then Target prays that said recovery be diminished or extinguished by reason of the negligence of Plaintiffs in proportion to the degree of fault attributable to Plaintiffs.

**THIRD AFFIRMATIVE DEFENSE**

**(Fault or Negligence of Third Parties)**

3.     As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief alleges, that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by Plaintiffs, and each of the persons and entities they purport to represent, were directly and proximately caused and contributed to by the negligence of third parties and that if Target is found to be at fault, and if Plaintiffs are entitled to recover damages against Target by virtue of the Complaint, then Target prays that said recovery be diminished or extinguished by reason of the fault or negligence of third parties in proportion to the degree of fault or negligence attributable to them.

**FOURTH AFFIRMATIVE DEFENSE**

**(Misuse and/or Abuse)**

4.     As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that at the time referred to in said Complaint, and prior thereto, the product or products referred to in said Complaint were misused and used in an improper and unforeseeable manner by Plaintiffs and by others, and that such misuse and improper use caused or contributed as a proximate cause of the incident referred to in the Complaint and the injuries and damages complained of, if any there were.

**FIFTH AFFIRMATIVE DEFENSE**

**(Modification of the Product)**

5.     As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief alleges that the Plaintiffs and/or other persons or entities modified the

subject product, and that said modification contributed to and was a proximate cause of the alleged injuries and damages, if any, sustained by the Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Product Authenticity in Dispute)

6.    Target disputes the authenticity of the product at issue that is the alleged source of the Plaintiffs' alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief allege that Plaintiffs, by their actions and conduct, have waived any claims for damages as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

8.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief alleges that Plaintiffs, by their actions and conduct, are estopped from asserting the relief sought in this action.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target is informed and believes, and on such information and belief alleges, that any damage or loss suffered by the Plaintiffs, and each of the persons and entities they purport to represent, were proximately caused by the failure of Plaintiffs to use reasonable means to prevent aggravation of Plaintiffs' damages and to use reasonable means to mitigate such damages.

/ / /

/ / /

**TENTH AFFIRMATIVE DEFENSE**

**(Joint Tortfeasors – Contribution)**

10.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that if it should be found that Target is in any manner legally responsible for the subject incident, or any of the injuries or damages of Plaintiffs, and each of the persons and entities she purports to represent, which supposition is not admitted but merely stated for the purpose of this affirmative defense, then Target alleges that other persons, companies, or entities not a party to this action were careless, negligent or at fault in and about the matters alleged in the Complaint, and it is necessary that the proportionate degree of negligence, carelessness or fault of each of these other persons, companies, or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Target be reduced, not only by that degree of comparative negligence, fault or assumption of the risk found to exist as to the Plaintiffs, but also as to the total of that degree of negligence or fault found to exist as to said other persons, companies or entities.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Privity)**

11.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that the lack of privity between Plaintiffs, and each of the persons and entities they purport to represent, and Target, bars claims, if any, based on contractual theories, including but not limited to any claim of alleged breach of warranty.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Defect in Product)**

12.    As and for a further separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that no defect existed in the subject product that Plaintiffs allege caused the injury.

/ / /

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

13.    As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that Plaintiffs' Complaint is uncertain.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exercise Ordinary Care)**

14.    As and for a further and separate affirmative defense to the Complaint on file herein and each and every cause of action thereof, Target alleges that Plaintiffs, and each of the persons and entities she purports to represent, were negligent and careless in and about the events set forth in the Complaint, which proximately contributed to the injuries and damages complained of, if any, and is hereby barred from any recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Intentional Acts/Omissions)**

15.    As and for a further separate and affirmative defense to the Complaint on file herein and each cause of action thereof, Target alleges that it is not responsible for any damages, or percentage of damages, claimed by Plaintiffs herein as a result of the intentional acts or omissions of others including Plaintiffs, and each of the persons and entities they purport to represent.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Notice of Breach of Warranty)**

16.    Plaintiffs and each of the persons and entities they purport to represent failed to give notice of any alleged breach of warranty, whether express or implied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Warranties)**

17.    Target denies that it made any express or implied warranties.

/ / /

/ / /

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Disclaimer of Implied Warranties and Limitation of Remedies)

18.    To the extent that the law would ordinarily impose upon Target any implied warranties in connection with the sale of the subject product, including but not limited to the implied warranty of merchantability as alleged in the Complaint – which is denied but stated solely for purposes of this affirmative defense – then Target fully and effectively disclaimed such implied warranties by issuing a conspicuous and enforceable disclaimer of implied warranties.  Any such disclaimer also effectively limited Plaintiffs' available remedies.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

19.    Plaintiffs and each of the persons and entities she purports to represent did not rely on any alleged warranties, whether express or implied.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights to Amend Answer)

20.    Target specifically reserves its right to amend this answer, to assert additional affirmative defenses in the future, and to supplement those asserted herein upon completion of further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Target prays that:

1.    Judgment be entered against Plaintiffs and in favor of Target;

2.    Plaintiffs take nothing by this action;

3.    Target be awarded costs, including reasonable attorneys' fees, of suit; and

4.    Target be awarded such other relief as this Court may deem just and proper.

///

///

///

///

Dated:  June 26, 2024                    WILLENKEN LLP

By:_____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant Target Corporation hereby demands a jury trial in this action.

Dated:  June 26, 2024                    WILLENKEN LLP

By:_____
Eileen Ahern
Attorneys for Defendants
SPECTRUM BRANDS, INC., SPECTRUM
BRANDS HOLDINGS, INC., EMPOWER
BRANDS, LLC, TRISTAR PRODUCTS,
INC., and TARGET CORPORATION

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT** on each of the interested parties in this action.

☒ By placing ☐ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

Todd A. Walburg, Esq.
Scott B. Bae, Esq.
BAILEY GLASSER LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291
Email: twalburg@baileyglasser.com
       sbae@baileyglasser.com

Manuel S. Boxler, Esq.
McCOY LEAVITT LASKEY LLC
25101 The Old Road, Suite 222
Stevenson Ranch, CA 91381
Telephone: (818) 760-0100
Facsimile: (818) 760-0103
Email: mboxler@mlllaw.com

☒ **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 26, 2024**, at Los Angeles, California.

Lily Tom

_____
(Type or Print Name)                     Signature

PROOF OF SERVICE

TODD A. WALBURG (State Bar No. 213063)
twalburg@baileyglasser.com
SCOTT B. BAEZ (State Bar No. 330485)
sbaez@baileyglasser.com
**BAILEY & GLASSER LLP**
1999 Harrison Street, Suite 660
Oakland, CA 94612
Telephone: (510) 272-8000
Facsimile: (510) 463-0291

*Attorneys for Plaintiffs*
*RANDALL L. DOUGHERTY, SR.,*
*Individually and on Behalf of the*
*Estate of Randall B. Dougherty, Jr.,*
*Deceased, and JOLENE DOUGHERTY*

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES – COMPLEX

| | |
|---|---|
| RANDALL L. DOUGHERTY, SR., Individually and on Behalf of the Estate of Randall B. Dougherty, Jr., Deceased; and JOLENE DOUGHERTY, | Case No. 24STCV11878 |
| Plaintiffs, | **PLAINTIFFS' RESPONSE TO** *ORDER TO SHOW CAUSE* **RE: COMPLEX DETERMINATION** |
| v. | Hon. David S. Cunningham III |
| TARGET CORPORATION; SPECTRUM BRANDS, INC.; SPECTRUM HOLDINGS, INC.; EMPOWER BRANDS, LLC; TRISTAR PRODUCTS, INC.; VIVITECH SOLUTIONS, INC.; HEARTLAND RECREATIONAL VEHICLES, LLC; and DOES 1 through 50, inclusive, | Date:  July 3, 2024<br>Time: 11:00 a.m.<br>Dept:  11 (Spring Street Courthouse)<br><br>Complaint Filed: May 10, 2024 |
| Defendants. | |

1

**PLAINTIFFS' RESPONSE TO** *ORDER TO SHOW CAUSE* **RE: COMPLEX DETERMINATION**

COME NOW Plaintiffs, by and through undersigned counsel, pursuant to the Court's Order to Show Cause Re: Complex Designation issued on May 23, 2024, and Plaintiffs hereby respond as follows:

1. Plaintiffs provided notice of the subject Order to Show Cause hearing to all Defendants.

2. Plaintiffs filed this action in the Los Angeles County Superior Court, Complex Division, in the Spring Street Courthouse, based upon the good faith belief that this matter is complex under Rule 3.400 of the California Rules of Court.

3. Plaintiffs completed, filed, and served a Civil Case Cover Sheet which noted the following factors:

   a. Large number of separately represented parties;

   b. Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve;

   c. Substantial amount of documentary evidence; and

   d. Large number of witnesses.

4. Plaintiffs also completed, filed, and served a Los Angeles County Superior Court Complex Civil Case Questionnaire which noted, among other things, the following descriptions:

   a. This is a complex product liability action involving multiple products and defendants; and

   b. Plaintiffs anticipate pre-trial motions regarding discovery related to multiple defendants' failure to conduct product safety recalls.

5. One of the Defendants, Vivitech Solutions, Inc., is a California corporation with its principal place of business located in Sylmar in Los Angeles County, however, Plaintiffs believe that this matter is complex under Rule 3.400 of the California Rules of Court, and therefore the appropriate courthouse assignment appears to be the Los Angeles County Superior Court, Complex Division, in the Spring Street Courthouse.

2

**PLAINTIFFS' RESPONSE TO *ORDER TO SHOW CAUSE* RE: COMPLEX DETERMINATION**

Respectfully Submitted,

Dated:  June 27, 2024

BAILEY & GLASSER, LLP

By: _____

TODD A. WALBURG
SCOTT B. BAEZ
Attorneys for the Plaintiffs

**PLAINTIFFS' RESPONSE TO *ORDER TO SHOW CAUSE* RE: COMPLEX DETERMINATION**

*Randall L. Dougherty, Sr., et al., v. Target Corporation, et al.*
Los Angeles County Superior Court Case No. 24STCV11878

## PROOF OF SERVICE

I am employed in the County of Kanawha, West Virginia.  I am over the age of eighteen years, and not a party to the within entitled action; my business address is Bailey & Glasser, 209 Capitol Street, Charleston, WV 25301.

On the date below, I served a copy of the foregoing document(s) upon counsel of record identified on the attached Service List:

**PLAINTIFFS' RESPONSE TO *ORDER TO SHOW CAUSE* RE: COMPLEX DETERMINATION**

|  |  |
|---|---|
|  | **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
|  | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| X | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from *wjohnson@baileyglasser.com* to the person(s) at the e- mail address(es) listed above or on the service list. |
|  | **BY PERSONAL SERVICE:** I *caused* the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| X | **STATE:** I declare under penalty of perjury under the laws of the State of California and State of West Virginia that the foregoing is true and correct. |

Executed on June 27, 2024 at Charleston, West Virginia.

By: _Whitney Johnson_
Whitney Johnson

1
**PROOF OF SERVICE**

*Randall L. Dougherty, Sr., et al., v. Target Corporation, et al.*
Los Angeles County Superior Court Case No. 24STCV11878

<u>**SERVICE LIST**</u>

Dixie Wells
Ellis & Winters LLP
300 North Greene Street, Suite 800
Greensboro, NC 27401
Email: Dixie.wells@elliswinters.com
Matthew.anderson@elliswinters.com

***Counsel for Defendants Spectrum Brands, Inc.,
Spectrum Brands Holdings, Inc.,
Empower Brands, LLC, and Tristar Products, Inc.***

Manuel S. Boxler
Jared B. Giroux
McCoy Leavitt Laskey LLC
25101 The Old Road, Ste. 222
Stevenson Ranch, CA 91381
Email: mboxler@mlllaw.com
jgiroux@mlllaw.com

***Counsel for Defendant Heartland Recreational Vehicles, LLC***

Todd Sayler
Sedgwick
Email: Todd.Sayler@Sedgwick.com

***Counsel for Defendant Target Corporation***

Perry Roshan-Zamir
Roshan-Zamir
2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
Email: perry@perry.law

***Counsel for Defendant Vivitech Solutions, Inc.***

2
**PROOF OF SERVICE**